## First Nat. Bank Center Assoc. v. Board of Revision of Hamilton County
*[Cite as 7 AOA 6]*

*Case No. C-890275*
*Hamilton County, (1st)*
*Decided October 24, 1990*

*C. Francis Barrett, and M. Michele Fleming, Strauss & Troy, 2100 Central Trust Center, 201 East Fifth Street, Cincinnati, Ohio 45202, for Appellant.*

*Arthur M. Ney, Jr., Prosecuting Attorney, and Thomas J. Scheve, 420 Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio 45202, for Appellees.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the assignment of error, the briefs and the arguments of counsel.

Appellant First National Bank Center Associates appeals from the trial court's order dismissing its appeal from the Board of Revision of Hamilton County. There are two issues raised by the appellant's assignment of error:

(1) whether the appellant satisfied the jurisdictional requirements for perfecting the appeal to the court of common pleas; and

(2) whether the appellant had the requisite standing to appeal the valuation of the parcel upon which it held a lease of air rights.

Because the record contains a sufficient demonstration of standing, and because there was compliance with the applicable statutory standard for perfecting the appeal, we hold that what remained to be observed in the way of procedural formalities did not deprive the court of common pleas of jurisdiction to hear the appeal, and we therefore reverse its order of dismissal and remand the cause for further proceedings.

On March 30, 1988, the appellant filed a complaint with the board of revision seeking a reduction in the taxable value of a twenty-six-story bank and office tower owned by the appellant on tax-exempt land it leased from the city of Cincinnati. The complaint was assigned the number 74506 by the board of revision.

On April 6, 1988, the Cincinnati Board of Education filed a counter-complaint pursuant to R.C. 5715.19(B), requesting that the assessed value of the identical parcel remain unchanged. The counter-complaint was assigned the number 75080.

On May 16, 1988, the clerk of the board of revision wrote to the appellant's counsel and the appellant itself, and to the counsel for the board of education, advising them that the board of education had filed a counter-complaint and that the complaints "will now be known as 74506-75080 consolidated." The letter continued to state that a "hearing will no doubt be requested by the Complainant and both complaints may be presented to the Board of Revision for their decision." Later correspondence from the clerk of the board of revision advised both the appellant and the board of education that, at the time, no reduction had been granted, and suggested a hearing, referring to both complaint numbers 74506 and 75080. Correspondence from the appellant's counsel, dated June 21, 1988, also referred to the consolidated complaint numbers, as did the subsequent notices to appear before the board of revision provided by its clerk. A single hearing was apparently held on September 14, 1988, and although the extent of the board of education's participation in the hearing is unclear, neither side now disputes that counsel for the board of education attended the hearing.

On October 5, 1988, the board of revision issued a "Final Notice of Valuation Adjustment," which increased the valuation of the property. The final notice, however, referred only to the complaint numbered 74506, and did not mention the counter-complaint filed by the board of education. The appellant filed a notice of appeal to the court of common pleas pursuant to R.C. 5717.05, but failed to name the board of education as an appellee or to notify the board of education of its appeal. Upon the motion of the appellees, the court dismissed the appeal.

In its sole assignment of error, the appellant now asserts that the trial court erred when it granted the appellees' motion to dismiss.

R.C. 5717.05, which provides an alternative to the appeal to the Board of Tax Appeals provided by R.C. 5717.01, states in pertinent part:

"As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. Such appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code. The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived.

"When such appeal has been *perfected by the filing of notice thereof* as required by this section, any appeal from the same decision of the county board of revision theretofore filed under section 5717.01 of the Revised Code with the board of tax appeals shall be dismissed."[1]

Although the board of revision correctly argues that the appellant failed to strictly adhere to the requirements of R.C. 5715.05, we hold that such a failure did not amount to a jurisdictional defect. The emphasized portion of the statute quoted above demonstrates that the inclusion of all parties to the proceeding is merely a procedural requirement, unnecessary to perfect an appeal. Although the second paragraph of R.C. 5717.05 specifically relates to the consolidation of appeals filed in different fora, the terms "perfected by the filing of a notice of appeal" indicate that, within a broader

context, an appeal may be perfected merely by the filing of a notice of appeal. The Ohio legislature did not intend the third sentence of R.C. 5717.05 to be of jurisdictional import when the statute otherwise makes clear that the jurisdictional requirements for perfecting an appeal are to be found in the preceding sentence.

We are aware that the Eighth Appellate District of Ohio has interpreted R.C. 5717.05 in a way that makes the inclusion of all appropriate parties a jurisdictional requirement for any appeal. See *The George Whalley Co. v. Cuyahoga Cty. Bd. of Revision* (Nov. 21, 1984), Cuyahoga App. Nos. 47890 and 47984, unreported. In *Whalley* the court was also presented with an appeal from a board of revision in which the appellant failed to make the board of education and the county auditor appellees and to serve notice upon them of the appeal. The court reasoned that the Ohio Supreme Courts decision in *Reuben McMillan Free Library Assn. v. Mahoning Cty. Budget Comm.* (1963), 175 Ohio St. 191, 192 N.E.2d 67, overruled on other grounds, *City of Brooklyn v. Cuyahoga Cty. Budget Comm.* (1965), 2 Ohio St. 2d 181, 207 N.E.2d 764, stood for the proposition that the failure to join the county auditor and the board of revision as parties could not be retroactively corrected, and that such a defect was jurisdictional in nature. *Reuben McMillan*, however, involved an appeal from the Board of Tax Appeals to the Supreme Court of Ohio under R.C. 5717.04 in which the appellant failed to include certain necessary parties as appellees as required by the statute. We note that R.C. 5717.04 lacks language similar to that of R.C. 5717.05 indicating that an appeal may be perfected by providing notice of appeal alone. We therefore find *Reuben McMillan* to be distinguishable from the case before us.

Our determination that this appeal was not jurisdictionally defective because of appellant's failure to include the board of education as a party to the appeal, however, does not render compliance with all the procedural requirements of R.C. 5717.05 unnecessary. Instead, we note that, upon remand of this case, a hearing on the merits may proceed only with the inclusion of all necessary appellees and whatever service is appropriate on them.

The board of revision argues, as an alternative for upholding the dismissal on jurisdictional grounds, that the appellant is not the party "in whose name the property is listed," as required by R.C. 5715.05, and that dismissal was, therefore, proper because of appellant's lack of standing. We are not persuaded by this argument either. R.C. 5717.05 permits a direct appeal to a court of common pleas "by the person in whose name the property is listed or sought to be listed for taxation." The record discloses that although the City of Cincinnati is listed as the owner of the parcel on the tax bill, the Bank's name and address also appear on the tax bill under the designation, "Mailing Address." R.C. 5717.05 does not confer standing for an appeal to a court of common pleas only upon the record owner of the underlying real estate.

The board of revision's contention that his appeal is fatally defective because it concerns the valuation of less than the entire parcel is also without merit. Although R.C. 5715.19(A)(4) provides for the filing of complaints challenging the "determination of the total valuation or assessment of any parcel," the logic of the board of revision's assertion would effectively deny any review of its valuations where, as here, its valuations affect the lessor who has constructed substantial improvements upon tax-exempt property. In such cases, the owner of the parcel has very little or no incentive to contest the valuation.

In any event, the board of revision's argument is without merit because any change in valuation of a portion of the parcel must logically affect the valuation of the whole. R.C. 5715.19 (A) (4) should not be construed to impose a requirement that any challenge to the valuation of a building, for example, must necessarily be accompanied by a challenge to the valuation of the underlying land. A more logical interpretation of the statute would be that if one intends to challenge both the valuation of the land and the valuation of the building on a single parcel, the challenge should be made in a single complaint. Beyond noting that such an interpretation is preferable to the interpretation advanced by the board of revision, however, we do not find the language of R.C. 5715.19(A)(4) to apply to the case before us.

We therefore sustain the assignment of error. The judgment of the trial court is, accordingly, reversed, and the cause is remanded to the trial court for further proceedings in accordance with this decision and the law.

UTZ, P.J., SHANNON and HILDEBRANDT, J.J.

---

[1] Although we note that R.C. 5717.05 was amended to provide exclusive jurisdiction in the forum in which the first notice of appeal was filed, effective March 17, 1989, the amendment has no bearing on the question before us.