[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 306.]

HUBER HEIGHTS CIRCUIT COURTS, LTD., APPELLANT, *v*. CARNE, TREASURER, ET AL., APPELLEES.

HUNTINGTON TRUST CO., NA, APPELLANT, *v*. CARNE, TREASURER, ET AL., APPELLEES.

D & F INVESTMENTS, APPELLANT, *v*. CARNE, TREASURER, ET AL., APPELLEES.

[Cite as *Huber Hts. Circuit Courts, Ltd. v. Carne*, 1996-Ohio-157.]

*Taxation—Real property valuation—Appeal from board of revision dismissed when requirements of R.C. 5717.05 not followed precisely.*

(Nos. 94-1613 and 94-1850—Submitted October 24, 1995—Decided January 17, 1996.)

APPEAL FROM AND CERTIFIED by the Court of Appeals for Montgomery County, No. 14378.

————————————

{¶ 1} Allan L. Johnston, Jr. filed real property valuation complaints for Huber Heights Circuit Courts, Ltd., Huntington Trust Co., NA, and D & F Investments, appellants, with the Montgomery County Board of Revision ("BOR"), appellee. The Board of Education of the Huber Heights School District ("BOE"), appellee, filed countercomplaints against all three complaints. At the BOR hearing, which Johnston attended, the BOE moved to dismiss the complaints because Johnston was not the proper person to file the complaints. The BOR agreed with the BOE and dismissed the complaints.

{¶ 2} Appellants then appealed to the Common Pleas Court of Montgomery County under R.C. 5717.05. They did not name the BOE as an appellee or serve a copy of the notices of appeal on the BOE.

{¶ 3} On learning of the appeals, the BOE moved to dismiss them because appellants had not joined the BOE as an appellee and had not served a copy of each

notice of appeal on it under R.C. 5717.05. The court agreed with the BOE and dismissed the appeals.

{¶ 4} Appellants then appealed these decisions to the Court of Appeals for Montgomery County. The appellate court agreed with the trial court that strict compliance with the statute was necessary and affirmed its judgment. Finding its judgment in conflict with the First District Court of Appeals in *First Natl. Bank Ctr. Assoc. v. Hamilton Cty. Bd. of Revision* (1990), 70 Ohio App. 3d 46, 590 N.E.2d 387, the court of appeals entered an order certifying a conflict.

{¶ 5} This cause is now before this court upon our determination that a conflict exists.

_____

*Rogers & Greenberg* and *Carl D. Sherrets*, for appellants.

*Teaford, Rich, Coffman & Wheeler* and *Jeffrey A. Rich*, for appellee Huber Heights Board of Education.

_____

***Per Curiam.***

{¶ 6} The appellate court certified the following question to us:

"Are the requirements of R.C. 5717.05 that 'all parties to the proceedings before the board *** shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived' jurisdictional?"

{¶ 7} We hold that these requirements are jurisdictional and affirm the court of appeals. R.C. 5717.05 states:

"As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section

5715.20 of the Revised Code. The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived. ***"

{¶ 8} Appellants contend that the statute sets forth procedural rules that they need not strictly follow. However, we read statutes prescribing how to appeal tax matters as jurisdictional, not procedural; consequently, we read requirements of R.C. 5717.05 as jurisdictional.

{¶ 9} "The right to appeal granted by R.C. 5705.37 is statutory, and an appellant must follow the statute." (Footnote omitted.) *Cincinnati v. Budget Comm. of Hamilton Cty.* (1988), 35 Ohio St.3d 252, 253, 520 N.E.2d 232, 234. In *Bd. of Edn. of Mentor Exempted Village School Dist. v. Lake Cty. Bd. of Revision* (1980), 61 Ohio St.2d 332, 15 O.O.3d 398, 401 N.E.2d 435, we affirmed the Board of Tax Appeals' dismissal of a notice of appeal because the appellant had not filed a copy of the notice of appeal with the Commissioner of Tax Equalization, a requirement since repealed. We ignored the commissioner's waiver of notice. At 334, 15 O.O.3d at 399, 401 N.E.2d at 436, we stated:

"In numerous decisions, including *Clippard Instrument v. Lindley* (1977), 50 Ohio St.2d 121, we have confirmed our opinion in *American Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, which held, at pages 149-150, that '[t]hese requirements are specific and in terms that are mandatory. The very statute which authorizes the appeal prescribes the conditions and procedure under and by which such appeal may be perfected. Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.'"

{¶ 10} R.C. 5717.05 sets forth who may appeal, how one appeals, whom the appellant names as appellees, and how the appellant serves appellees with notice of the appeal. We read this statute as mandatory and jurisdictional. Since

appellants did not follow the statute precisely, the court of common pleas correctly dismissed their appeals.

{¶ 11} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.

_____