DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas. That court affirmed a decision of the Lucas County Board of Revision concerning a property tax appraisal. Because we conclude that the common pleas court lacked jurisdiction over this matter, we dismiss.
Appellant, Luther Hills Limited Partnership, owns a seventy unit, low income apartment complex in Oregon, Ohio. For the 1997 tax year, the Lucas County Auditor[1] appraised the property's fair market value at $2.2 million and its taxable value at $773,780. Appellant sought relief from this valuation before appellee Lucas County Board of Revision. Appellant asserted that the fair market and taxable values of the property were $1.03 million and $362,560 respectively. Appellant supported this assertion with a 1994 appraisal, valuing the property as encumbered by a thirty year restrictive covenant which required the complex to provide low income housing during that period. Appellee Oregon Public Schools countered appellant's claim by urging adoption of the auditor's appraisal.
When the Board of Revision adopted the auditor's appraisal for the property, appellant instituted an appeal to the common pleas court pursuant to R.C. 5717.05. In doing so, appellant erred in captioning its complaint. Appellant named as an appellee the Toledo Public Schools rather than the Oregon Public Schools. Because Toledo and Oregon are represented by the same counsel, the miscaptioned notice was, however, received by the attorney for Oregon Public Schools. Nevertheless, citingHuber Heights Circuit Courts, Ltd. v. Carne (1996), 74 Ohio St.3d 306, appellee Oregon Public Schools moved to dismiss the appeal for want of jurisdiction. In response, appellant moved for and was granted leave to amend its appeal to name Oregon Public Schools as an appellee. The common pleas court then denied Oregon School's motion to dismiss.
On the merits, the common pleas court followed the syllabus rule of Alliance Towers Ltd. v. Stark County Board ofRevision (1988), 37 Ohio St.3d 16, and valued the property without considering the encumbering covenants. The court set the property's fair market value at $2.2 million and its taxable value at $773,780.
From this judgment, appellant now brings this appeal, setting forth the following single assignment of error:
 "THE TRIAL COURT BELOW ERRED IN VALUING LUTHER HILLS LIMITED PARTNERSHIP, A LOW INCOME HOUSING TAX CREDIT PROJECT, FOR AD VALORUM TAX PURPOSES ON AN UNENCUMBERED BASIS."
Pursuant to App.R. 3(C)(2), appellee Oregon Public Schools defends the judgment appealed on its merits. However, appellee also argues that the common pleas court should never have reached the merits of the case because it had no jurisdiction to hear the appeal as appellant's initial failure to name Oregon Public Schools as a party was, from a jurisdictional view, fatal. Appellee Oregon Public Schools argues that without jurisdiction a court has no authority to allow a party to cure a defect. InHuber Heights, supra, the Supreme Court of Ohio held that the statutory requirement that all parties to a Board of Revision appeal be named and served by certified mail is jurisdictional.Id. at 307. Therefore, according to Oregon Public Schools, appellant's failure to name and properly serve it violated the statute, preventing the court from obtaining jurisdiction.
It is axiomatic that we are bound to follow the dictates of the Supreme Court of Ohio when it has addressed an issue. Grayv. Estate of Barry (1995), 101 Ohio App.3d 764, 765. While HuberHeights may be distinguishable in that the school system there had no notice whatsoever, the Ohio Supreme Court has been adamant that the R.C. 5717 appeal requirements be strictly construed. SeeAustin Company v. Cuyahoga Board of Revision (1989), 46 Ohio St.3d 192,193 (actual notice insufficient substitute to satisfy appeal notice requirements); Clippard Instrument Lab., Inc. v.Lindley (1997), 50 Ohio St.2d 121, 122 (letter an insufficient substitute for statutorily required copy of a notice of appeal. In Salem Medical Arts and Development v. Columbiana County (1998),80 Ohio St.3d 621, the Supreme Court even held that delivery of a copy of a notice of appeal to an assistant prosecutor with whom the taxpayer had been negotiating a settlement did not satisfy the R.C. 5717.01 requirement that an appellant must file a copy of its notice of appeal from a Board of Revision with the Board of Revision.
R.C. 5717.05 requires that in an appeal from a Board of Revision decision "* * * all parties * * * shall be made appellees * * *." We take this to mean that all parties must be denominated as appellees in the notice of appeal for the statute to be satisfied and jurisdiction thereby obtained.
In this matter, appellant did not name the Oregon Public Schools as an appellee in its notice of appeal. Thus, it failed to meet the statutory jurisdictional requirements and, consequently, the common pleas court lacked jurisdiction when it issued its order allowing for the filing of an amended appeal. The court should have found appellee Oregon Public School's motion to dismiss well-taken and dismissed the appeal.
Nevertheless, since appellant failed to prevail on the merits, the error was harmless as the result is the same. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration, the judgment on the merits of the Lucas County Court of Common Pleas is vacated. Pursuant to App.R. 12(B) this matter is dismissed. Costs to appellant.
JUDGMENT VACATED AND APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., Mark L. Pietrykowski, J., CONCUR.
[1] Appellees are the Lucas County Board of Revision, its members(Sandy Isenberg, President of the Lucas County Commissioners; Ray T. Kest, Lucas County Treasurer; Larry A. Kaczala, Lucas County Auditor) and the Oregon Public Schools.