DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Wooster City School District and Wooster City Board of Education, appeal from the entries of the Wayne County Court of Common Pleas that denied its motion to dismiss, and from the subsequently entered judgment entry that decreased the taxable value of real property of Appellee, Chesterland Productions, PLL. We reverse the entries that denied the motion to dismiss, vacate the subsequently entered judgment of the trial court, and remand.
 I. {¶ 2} Chesterland Productions, PLL is the owner of certain real property located in Wooster, Ohio, in Wayne County: property parcel number 67-02863.025 is located at 543/615 Riffel Road; parcel number 67-02868-008 is located at 343/347 Milltown Road; and parcel number 67-02951.009 is located at 3431 Commerce Drive. On March 27, 2003, Chesterland Productions, through its attorney, filed a complaint with the Wayne County Auditor against the valuation of real property, seeking a decrease in the taxable value of three separate parcels, based on a March 16, 2003 fair market value appraisal. See R.C. 5715.13. On May 28, 2003, the Board of Education of the Wooster City Schools filed a counter-complaint against the original complaint,[1]
asserting that the size, location, and market analysis of similar types of property did not warrant a change in the taxable value of the parcels.
 {¶ 3} A hearing was held before the Board of Revision on June 5, 2003. The County, Chesterland Productions, and the Board of Education were all represented by counsel at the hearing. At the end of the hearing, the Board secured a vote in favor of making no change in value in the properties. In a letter dated July 22, 2003 from the Wayne County Auditor Jarra L. Underwood, the Board of Revision informed Chesterland that it decided to make no changes in the real estate values of the properties.
 {¶ 4} On August 19, 2003, Chesterland Productions filed a timely notice of appeal to the Wayne County Court of Common Pleas from the Board of Revision's decision, pursuant to R.C. 5717.05. The appeal included instructions for service and summons upon each of the parties captioned in the appeal. The Board of Revision and its secretary, deputy auditor, and appraiser; the county auditor, treasurer, county commissioners; and Wayne County prosecuting attorney were named in the appeal.[2] However, the Board of Education was not named on the notice of appeal.
 {¶ 5} On February 5, 2004, counsel on behalf of the Board of Education filed a joint entry of appearance and motion to dismiss the appeal. In the motion, the Board of Education asserted that Chesterland Productions failed to properly perfect an appeal because he failed to list all of the parties on the notice of appeal, in particular, the Board of Education. Chesterland Productions responded to the motion, arguing that Chesterland Productions did not receive notice of the Board of Education's filing of its counter-complaint, and therefore was not aware that the Board of Education was a party to the proceedings before the Board of Revision. Chesterland Productions also asserted that the Board of Education did not make an appearance at the proceeding before the Board of Revision, or in the alternative, that the appearance was not formally made known to Chesterland Productions at that time. Additionally, Chesterland Productions argued, that, in the event the Board of Education is deemed a party, that it waived its entitlement to notice of the appeal to the common pleas court because it neither served on Chesterland Productions a copy of its counter-complaint, nor served notice of appearance on Chesterland Productions. Finally, Chesterland Productions maintained that the appeal should not be dismissed for due process fundamental fairness purposes. On February 27, 2004, the court summarily overruled the motion to dismiss.
 {¶ 6} On May 11, 2004, the Board of Education renewed its motion to dismiss the appeal, further arguing the merits of its original motion. Chesterland Productions responded to the renewed motion, per court order, and thereafter, the court again denied the motion on June 2, 2004.
 {¶ 7} The matter proceeded to a bench trial. The court independently reviewed the Board's valuation of the property, and in a judgment entry dated March 8, 2005, found that the taxable value of each property was consistent with a decrease in value. This appeal followed.
 {¶ 8} The Board of Education timely appealed to this Court, asserting two assignments of error for review.
 II. A. First Assignment of Error
"THE WAYNE COUNTY COURT OF COMMON PLEAS ERRED IN DENYING APPELLANT BOARD OF EDUCATION'S MOTION TO DISMISS."
 {¶ 9} In its first assignment of error, the Board of Education asserts that the trial court erred in denying its motion to dismiss based upon lack of jurisdiction. We agree.
 {¶ 10} R.C. 5717.05 authorizes an appeal to the common pleas court from a decision of a board of revision on real estate valuation and sets forth the conditions and procedures to perfect such an appeal. Huber Heights Circuit Courts, Ltd., v. Carne
(1996), 74 Ohio St.3d 306, 308. These provisions are mandatory and have been held to be jurisdictional requirements. Id. at 307-08. "`Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.'" Id. at 308, quoting AmericanRestaurant Lunch Co. v. Glander (1946), 147 Ohio St. 147,149-50. See, also, R.C. 5705.37 (granting a statutory right to appeal). Therefore, the failure to properly perfect an appeal leaves the common pleas court with no jurisdiction over the appeal.
 {¶ 11} On appeal to this Court, the Board of Education contends, as it did in its motion to dismiss to the common pleas court, that it was a party to the proceeding before the Board of Revision. The Board of Education argues that it was therefore required to be made an appellee and served a copy of the notice of the appeal, and that Chesterland Productions' failure to do these things operated as a failure to properly perfect an appeal. On this basis, the Board of Education insists that the appeal should have been dismissed by the common pleas court. R.C.5717.05 provides:
"As an alternative to the appeal provided for in section5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section5715.20 of the Revised Code. The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived." R.C. 5717.05.
 {¶ 12} Significantly, Chesterland Productions does not maintain that it in fact served the Board of Education with a copy of its notice of appeal to the common pleas court. Rather, Chesterland Productions complains that the Board of Education was not a party to the proceeding before the Board of Revision, or in the alternative, that it was not apprised of the Board of Education's notice of appearance at the proceeding, and that it was thus not required to serve the Board of Education with a copy of a notice of the appeal. Chesterland Productions opines that it did not receive notice of the Board of Education's filing of the complaint and its inclusion as a party to the Board's proceedings, and for that reason was not required to serve notice of the appeal on the Board of Education.
 {¶ 13} Initially, we review R.C. 5715.19.[3] This statute section provides the following, in pertinent part:
"(A) * * * [A] complaint against any of the following determinations for the current tax year shall be filed with the county auditor on or before the thirty-first day of March of the ensuing tax year or the date of closing of the collection for the first half of real and public utility property taxes for the current tax year, whichever is later[.]
"* * *
"(B) Within thirty days after the last date such complaints may be filed, the auditor shall give notice of each complaint in which the stated amount of overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination is at least seventeen thousand five hundred dollars to each property owner whose property is the subject of the complaint, if the complaint was not filed by the owner or the owner's spouse, and to each board of education whose school district may be affected by the complaint. Within thirty days after receiving such notice, a board of education * * * may file a complaint in support of or objecting to the amount of alleged overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination stated in a previously filed complaint or objecting to the current valuation. Upon the filing of a complaint under this division, the board of education or the property owner shall be made a party to the action.
"(C) Each board of revision shall notify any complainant and also the property owner, if the property owner's address is known, when a complaint is filed by one other than the property owner, by certified mail, not less than ten days prior to the hearing, of the time and place the same will be heard." R.C.5715.19.
Subsection (A) prescribes which types of complaints fall within the statute section's scope, and specifically provides that it applies to certain complaints, all of which are "complaint[s] against * * * determinations for the current tax year." (Emphasis added.). It is Chesterland Productions that filed a complaint against a determination in this case.
 {¶ 14} We read the notice requirement in the first sentence of subsection (B) to apply to original complainant as set forth in subsection (A), i.e., Chesterland Productions in the instant case. This same subsection later provides that a board of education may file its own complaint, as the Board of Education did in this case, in response to the original complaint. Finally, the final sentence of the subsection provides that upon the board's filing of its complaint in response, the board be made a party to the action. From all this, we conclude that as a matter of law the Board of Education became a party to the proceeding before the Board of Revision upon the Board of Education's filing of its counter-complaint in this case. Thus, under these sections, Chesterland Productions was required to make the Board of Education an appellee in its notice of appeal and serve a copy of the notice of appeal upon the Board of Education.
 {¶ 15} Furthermore, this section does not specify that a property owner is to receive notice of a board of education's filing of a complaint, as Chesterland Productions insists. Moreover, we note that it is disingenuous of Chesterland Productions to assert that it was not apprised of the Board of Education's involvement as a party during the Board of Revision proceedings, when counsel for the Board of Education made his appearance known at the hearing by entering a notice of appearance for the record at the beginning of the hearing, as is reflected in the written transcript of the hearing which is part of the record on appeal. During the hearing, counsel for the Board of Education examined the witnesses present, and even stated on the record that he was there "on behalf of the Board of Education. The Wooster City School District. We filed a counter complaint[.]"
 {¶ 16} Thus, Chesterland Productions failed to satisfy all of the statutory requirements to perfect its appeal to the common pleas court. Therefore, we find that the common pleas court lacked the jurisdiction to enter the March 8, 2005 order, and as such, the order is deemed void for lack of jurisdiction, and is thus a nullity without legal effect. See Huber Heights CircuitCourts, Ltd., 74 Ohio St.3d at 307-08; Summit Cty. Bd. ofHealth v. Pearson, 9th Dist. No. 22194, 2005-Ohio-2964.
 {¶ 17} Furthermore, we conclude that the trial court erred in denying the Board of Education's motion to dismiss that argued lack of jurisdiction, and thus we sustain the first assignment of error. The judgment of the common pleas court dated March 8, 2005 is vacated. Furthermore, the entries that denied the motion to dismiss filed by the Board of Education are reversed, and we remand the case to the common pleas court for further proceedings consistent with this Court's decision.
 B. Second Assignment of Error
"THE WAYNE COUNTY COURT OF COMMON PLEAS ERRED IN ITS RELIANCE UPON THE SWINEHART LETTER AS THE BASIS OF ITS DECISION ON THE VALUE OF THE SUBJECT PROPERTY."
 {¶ 18} In its second assignment of error, the Board of Education essentially challenges the trial court's decision to decrease the value of the tax assessment. Due to our determination on the first assignment of error, however, we do not address the second assignment of error, as it has been rendered moot. See App.R. 12(A)(1)(C).
 III. {¶ 19} The Board of Education's first assignment of error is sustained. The second assignment of error is not addressed. The entries of the Wayne County Court of Common Pleas that denied the motion to dismiss, dated February 27, 2004 and June 2, 2004, are hereby reversed, and the accordingly, the March 8, 2005 judgment of the Wayne County Court of Common Pleas is vacated. The cause is remanded to the trial court for further proceedings consistent with this decision.
Judgment reversed, Judgment vacated, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Slaby, P.J. Moore, J. concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] R.C. 5715.19 permits a board of education to file a valuation complaint concerning any property in its respective county, within 30 days of receiving notice of the original complainant's filing from the county auditor. R.C. 5715.19(B). The auditor has 30 days from the last day the original complaint was filed, to send this notice to the board of education, as set forth in the first sentence of R.C. 5715.19(B). There is no indication in the record before us that the Board of Education filed an untimely counter-complaint outside the parameters set forth by the statute.
[2] All named parties except the Board of Revision and the auditor were later dismissed as unnecessary and extraneous parties.
[3] R.C. 5715.19, as amended by Sub.H.B. No 694, has been held to be unconstitutional for making the section retroactive in effect. Rubbermaid, Inc. v. Wayne Cty. Auditor (2002),95 Ohio St.3d 358, 361. However, we are not aware of any precedent that has invalidated the other substantive portions of this statute section.