DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{para: 1} Appellants, Dennis and Barbara McClintick, appeal from the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} In January of 2006, Appellants were notified that their property located in Cuyahoga Falls, Ohio had been reassessed and had a total fair market value of $504,560. Appellants disagreed with the assessment and filed a motion for a hearing with the Summit County Board of Revisions ("Board of Revisions"), Appellee. Appellants contended that the value of their home should be reduced to *Page 2 
$450,000. On August 26, 2006, the Board of Revisions held a hearing regarding the value of Appellants' property. Appellants' counsel was not present at the hearing, but Appellants appeared and participated in the hearing. Appellee, Board of Education for Woodridge School District ("Woodridge"), attended the hearing, through its legal counsel. Woodridge had filed a counter-complaint to Appellants' request for a reduction in property value. On August 30, 2006, the Board of Revisions issued a ruling determining that there would be no change in the value of the property. Appellants timely filed a notice of appeal with the Summit County Court of Common Pleas naming only the Board of Revisions and John Donofrio as Fiscal Officer ("Fiscal Officer") in the notice. Thereafter, the Board of Revisions and the Fiscal Officer filed a motion to dismiss for lack of subject matter jurisdiction. On December 21, 2006, Appellants filed an amended notice of appeal which included Woodridge as an appellee. The trial court granted the motion to dismiss for lack of subject matter jurisdiction. Appellants timely appealed the trial court's decision, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THE COMMON PLEAS COURT ERRED IN DISMISSING THE APPEAL FOR LACK OF JURISDICTION WHEN 
APPELLANTS DID FOLLOW OHIO REVISED CODE 5717.05." *Page 3 
 {¶ 3} In their first assignment of error, Appellants contend that the trial court erred in dismissing their appeal for lack of jurisdiction because they followed the procedure set forth in R.C. 5717.05. We disagree.
 {¶ 4} R.C. 5717.05 authorizes an appeal to the common pleas court from a decision of a board of revision on real estate valuation and sets forth the procedures required to perfect such an appeal. Huber Hts.Circuit Courts, Ltd., v. Carne (1996), 74 Ohio St.3d 306, 308. R.C.5717.05 provides in pertinent part:
 "As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code. The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived."
 {¶ 5} The provisions set forth in R.C. 5717.05 are mandatory and have been held to be jurisdictional requirements. Huber Hts.,74 Ohio St.3d at 307-08. "`Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.'" Id. at 308, quoting American Restaurant Lunch Co.v. Glander (1946), 147 Ohio St. 147, 149-50. See, also, R.C. 5705.37
(granting a statutory right to appeal). Therefore, the failure to properly perfect an appeal leaves the common pleas court with no jurisdiction over the appeal. *Page 4 
 {¶ 6} The trial court found that it lacked jurisdiction over the subject matter of the claim because Appellants failed to include Woodridge as an appellee within the thirty day timeframe required by R.C. 5717.05. On appeal to this Court, Appellants contend that the trial court erred in finding that R.C. 5717.05 requires that all parties to the proceeding be made appellees and that a notice of appeal be served upon them within thirty days after notice of the decision of the board is mailed. Appellants assert that a "plain reading" of R.C. 5717.05
indicates that only the notice of appeal must be filed with the court and the board of revisions within thirty days after notice of the decision of the board is mailed. They argue that R.C. 5717.05 "does not indicate that all of the parties need to be served in that same 30 day period."
 {¶ 7} The trial court relied on the Ohio Supreme Court's decision inHuber Hts. wherein the Supreme Court held that the requirement that all parties be made appellees is a jurisdictional requirement, not just a procedural requirement. Huber Hts., 74 Ohio St.3d at 307. In HuberHts., as in this matter, the appellant brought his appeal under R.C.5717.05 and failed to name the board of education as an appellee. The common pleas court dismissed the appeal for lack of subject matter jurisdiction. On appeal, the Supreme Court held that the procedure set forth in R.C. 5717.05 is mandatory and jurisdictional, stating, "R.C.5717.05 sets forth who may appeal, how one appeals, whom the appellant names as appellees, and how the appellant serves appellees with notice of the appeal. We read this statute *Page 5 
as mandatory and jurisdictional." Id. at 308. The Court held that the common pleas court correctly dismissed the appeal for lack of jurisdiction because the appellants failed to precisely follow the statute. Id.
 {¶ 8} Appellants have attempted to distinguish their case fromHuber Hts. because they accomplished service on Woodridge before their case was dismissed. However, Appellants have cited no authority for this interpretation of this statute and have failed to persuade us to depart from precedent. See, also, Luther Hills Ltd. v. Lucas Cty. Bd. ofRevisions (May 5, 2000), 6th Dist. No. L-99-1325 (holding that the trial court lacked jurisdiction to permit the appellant to amend its appeal to change the name of the appellee because the appellant's initial failure to name the proper school district was jurisdictionally fatal);Chesterland Prods., PPL v. Wayne Cty. Bd. of Revision, 9th Dist. No. 05CA00032, 2006-Ohio-71 (holding that the common pleas court lacked jurisdiction over the appellee's appeal brought pursuant to R.C. 5717.05
where the appellee failed to satisfy all of the statutory requirements to perfect its appeal by failing to name the board of education in its appeal).
 {¶ 9} Appellants failed to satisfy all of the statutory requirements to perfect their appeal to the common pleas court. Therefore, we find no error in the common pleas court's decision that it lacked subject matter jurisdiction over Appellants' appeal. See Huber Hts.,4 Ohio St.3d at 307-08; Summit Cty. Bd. of *Page 6 Health v. Pearson, 9th Dist. No. 22194, 2005-Ohio-2964. Appellants' first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE COURT OF APPEALS ERRED IN DISMISSING 
[APPELLANTS'] APPEAL WHEN COUNSEL FOR THE BOARD OF EDUCATION FOR THE WOODRIDGE SCHOOL DISTRICT FAILED TO PROPERLY FILE A COUNTERCOMPLAINT BEFORE THE BOARD OF REVISION."
 {¶ 10} In Appellants' second assignment of error, they assert that the trial court erred in dismissing their appeal because Woodridge's counsel failed to properly file a countercomplaint before the Board of Revisions. At the outset we note that in stating their assignment of error, Appellants have mistakenly stated that the court of appeals erred in dismissing their appeal. However, the record reflects that thetrial court, not the appellate court, dismissed Appellants' appeal. Accordingly, we will address Appellants' second assignment of error as a challenge to the trial court's dismissal of their appeal.
 {¶ 11} Appellants contend that the omission of Woodridge's name from its counter-complaint constituted non-disclosure that Woodridge was a party to the proceeding. However, Appellants concede in their statement of the case that Woodridge's counsel was present at the August 26, 2006 hearing. Although Appellants' counsel did not attend the hearing, Appellants were present. Appellants' counsel's absence from the hearing has no bearing on Appellants' obligation to identify Woodridge as an appellee on its notice of appeal. Appellants *Page 7 
attended the hearing and consequently had notice that Woodridge was a party to the proceedings. Accordingly, we find that Appellants failed to properly perfect their appeal by omitting Woodridge as a party. Appellants' second assignment of error is overruled.
 III. {¶ 12} Appellants' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 8 
Costs taxed to Appellants.
 CARR, P. J., DICKINSON, J. CONCUR. *Page 1