[Cite as *Palladino v. Steen*, 2013-Ohio-1455.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98968

---

## MARY C. PALLADINO

### PLAINTIFF-APPELLANT

vs.

## WADE STEEN, COUNTY FISCAL OFFICER

### DEFENDANT-APPELLEE

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-779802

**BEFORE:** E.A. Gallagher, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 11, 2013

**ATTORNEY FOR APPELLANT**

J. Alex Morton
5247 Wilson Mills Road
Suite 334
Richmond Heights, Ohio    44143


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Reno J. Oradini, Jr.
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Mary C. Palladino appeals from the decision of the trial court, which dismissed her administrative appeal from a decision of Cuyahoga County Board of Revision. Palladino argues the trial court erred when it found that she did not comply with the requirements of R.C. 5717.05. For the following reasons, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.

{¶3} Palladino filed a complaint against the valuation of property for the 2010 tax year concerning a single-family residence located at 1534 Parkhill Road, Cleveland Heights, Ohio. On March 8, 2012, the Board of Revision for Cuyahoga County, Ohio rendered a decision on Palladino's complaint, denying any relief on the valuation of the property. On April 5, 2012, Palladino filed her notice of appeal with the Cuyahoga County Court of Common Pleas. In her complaint, Palladino named only Wade Steen, the Cuyahoga County Fiscal Officer, as an appellee. Palladino provided the board of revision with a copy of the notice of appeal and received a time stamp from the board acknowledging its receipt. Palladino's complaint includes a certificate of service indicating that she personally served the Cuyahoga County Fiscal Officer ("Fiscal

Officer") via certified mail; a claim that is not borne out by the record, but which has not been challenged by the appellee as a failure to comply with the rules of civil procedure.

**{¶4}** On June 20, 2012, the Fiscal Officer moved to dismiss Palladino's case. In its motion, the Fiscal Officer argued that Palladino failed to comply with the mandates of R.C. 5717.05, which requires that all parties to the proceeding shall be made appellees and notice shall be served upon them via certified mail. The Fiscal Officer argued that Palladino failed to name the board of revision as an appellee, which violated R.C. 5717.05 and thus, deprived the trial court of jurisdiction to hear the appeal. The trial court granted the Fiscal Officer's motion, finding as follows:

> R.C. 5717.05 requires that in an appeal from a Board of Revision decision all parties shall be made appellees. The Court takes this to mean that all parties must be denominated as appellees in the notice of appeal for the statute to be satisfied and jurisdiction thereby obtained. *Luther Hills v. Lucas County Bd. of Revision * * *.* Appellant failed to name the Board of Revision as a party to the appeal. As such, the court lacks jurisdiction and the appeal is hereby dismissed.

**{¶5}** Palladino appeals, raising the following assigned error:

> The trial court erred in granting the Cuyahoga County Fiscal Officer's (Fiscal officer) Supplemental Motion to Dismiss on the ground that Appellant Mary C. Palladino (Palladino) failed to name the Cuyahoga County Board of Revision (BOR) as a party to Palladino's appeal to the trial court in the case below.

**{¶6}** R.C. 5717.05 reads as follows:

> [A]n appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose

name the property is listed or sought to be listed for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code. The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived. The prosecuting attorney shall represent the auditor in the appeal.

{¶7} In the instant appeal, the state argues that Palladino's failure to name the board of revision as an appellee deprived the trial court of jurisdiction under R.C. 5717.05. We disagree.

{¶8} Primarily, we note that R.C. 5717.05 does not require an appellant to name the board of revision as appellee. The language of the statute reads "all parties to the proceeding *before the board*, other than the appellant * * * shall be made appellees." The board of revision is not a party adverse to the complainant, it is the deciding tribunal and as such, the board is not a party to the proceeding.

{¶9} In support of its position, the state analogizes the instant case to the Board of Tax Appeals under R.C. 5717.01 and the Ohio Supreme Court's holding that R.C. 5717.01 "does not preclude a board of revision from being named an appellee." *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision*, 38 Ohio St.3d 198, 527 N.E.2d 874 (1988). However, appeals governed under R.C. 5717.05 and 5717.01 are two different processes with different statutory and jurisdictional requirements. Further, the language used by the Ohio Supreme Court is permissive, rather than mandatory. A board of revision may

be named a party to the appeal but it is not mandatory.

{¶10} In dismissing the instant appeal, the trial court cited to *Luther Hills Ltd., v. Lucas Cty. Bd. of Revision*, 6th Dist. No. L-99-1325, 2000 Ohio App. LEXIS 1895 (May 5, 2000), in support of its holding that all parties must be named as appellees in order for jurisdiction to vest with the trial court. However, in *Luther Hills*, the appellant failed to name the local school district as an appellee to the appeal after the local school district appeared in the proceedings before the board of revision. Thus, under R.C. 5717.05, the appellant was required to name the district as an appellee and the trial court was correct in dismissing the case for lack of jurisdiction. *Luther Hills* does not stand for the proposition that the board of revision must be named an appellee in an R.C. 5717.05 appeal.

{¶11} Thus, we conclude that failure to name the board of revision as an appellee does not deprive a trial court of jurisdiction to hear the instant appeal.

{¶12} There is some question as to whether Palladino properly served the Fiscal Officer with the notice of appeal by certified mail. As quoted above, R.C. 5717.05 requires that the appeal be served by certified mail to the Fiscal Officer unless waived. Palladino's complaint provides a Certificate of Service alleging that the complaint was sent by certified U.S. mail. However, there is nothing on the court docket to indicate certified mail was issued by the Clerk of Court to or received by the Fiscal Officer.

**{¶13}** Interestingly, the Fiscal Officer never raised this issue in either of its motions to dismiss or in the present appeal. Civ.R. 12(H) states "[a] defense of * * * insufficiency of process, or insufficiency of service of process is waived if * * * it is neither made by motion under this rule nor included in a responsive pleading." Therefore, the Fiscal Officer has waived this issue and it shall not be addressed in this opinion.

**{¶14}** Palladino's sole assignment of error is sustained.

**{¶15}** The judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR