[Cite as *Simic v. Cuyahoga Cty. Bd. of Revision*, 2013-Ohio-3000.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99168**

# MICHAEL SIMIC

PLAINTIFF-APPELLANT

vs.

# CUYAHOGA COUNTY BOARD OF REVISION

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-785232

**BEFORE:** Jones, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** July 11, 2013

**FOR APPELLANT**

Michael Simic, Pro se
6485 Ridge Road
Parma, Ohio 44129


**ATTORNEYS FOR APPELLEES**

**For Cuyahoga County Board of Revision**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Saundra J. Curtis-Patrick
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**For Cleveland Metropolitan School District**
**Board of Education**

Jennifer A. Antoon
Robert A. Brindza
Susanne M. DeGennaro
Daniel M. McIntyre
David A. Rose
David H. Seed
Brindza, McIntyre & Seed L.L.P.
1111 Superior Avenue
Suite 1025
Cleveland, Ohio 44114

LARRY A. JONES, SR., J.:

{¶1} Plaintiff-appellant, Michael Simic, appeals pro se from the trial court's October 12, 2012 judgment granting the motion to dismiss of defendant-appellee, the Cuyahoga County Board of Revision. We affirm.

## I. Procedural History

{¶2} In March 2011, Simic filed a complaint with the board of revision regarding the 2010 tax year valuation for property he owned on Denison Avenue in Cleveland. Simic alleged that the county's $83,500 valuation of the property was too high and sought a reduction.

{¶3} In May 2011, the Cleveland Metropolitan School District Board of Education ("CMSD") filed a "counter-complaint," in which it sought to have the county's original valuation stand. In May 2012, a hearing was held before a hearing officer for the board of revision; Simic and counsel for the CMSD were present. After the hearing, the board of revision issued its decision, in which it decreased the value of the property from $83,500 to $70,000.

{¶4} In June 2012, Simic filed an appeal in the common pleas court under R.C. 5717.05. The sole named appellee was the board of revision. Simic filed a "brief in support of appeal" in July 2012.

{¶5} In September 2012, the board of revision filed a motion to dismiss for lack of jurisdiction. In its motion, the board contended that, under R.C. 5717.05 and Ohio

Supreme Court case law, Simic's failure to name the Cuyahoga County Fiscal Officer (successor to the Cuyahoga County Auditor) and the CMSD as appellees was a jurisdictional defect requiring dismissal.

{¶6} In October 2012, Simic opposed the motion and also filed another "brief in support of appeal," on the cover page of which he listed the county fiscal officer and the CMSD as appellees.

{¶7} The trial court granted the board of revision's motion to dismiss because Simic "failed to name the county fiscal officer as a necessary [appellee]."[1]

{¶8} In a sole assignment of error, Simic contends that the trial court erred by:

1. [D]ismissing the Appeal based on a Motion to Dismiss that was filed with a defective Certificate of Service.

2. [D]ismissing the Appeal based on a Motion to Dismiss that was filed after the due date of Appellees' Reply Brief, when no Briefs were filed by either Appellee by the due date.

3. [D]ismissing the Appeal when all Appellees were constructively named and notified.

## II. Law and Analysis

{¶9} Simic first contends that the certificate of service accompanying the board's motion to dismiss was "defective" because the motion was file-stamped on September 25, 2012, but it was not mailed until October 3, 2012. Simic contends that the delay "deprived [him] of a full week in which to reply." Although Simic did mention the delay

---

[1]The CMSD also filed a motion to dismiss on October 19, 2012, after the trial court had granted the board's motion. The docket reflects that this October 19, 2012 motion was filed by the board of revision, but the record demonstrates that it was filed by the CMSD.

in his brief in opposition to the motion, he did not request additional time to respond. Simic has, therefore, waived review of this issue.

{¶10} Next, Simic contends that the board of revision's motion to dismiss was untimely under Loc.R. 28 of the Court of Common Pleas of Cuyahoga County, General Division. Again, Simic did not raise this issue at the trial court level, and, therefore, has waived its review.

{¶11} Finally, the crux of Simic's appeal is raised in his third issue, in which he contends that the trial court erred in dismissing his appeal because the necessary parties were "constructively named and notified."

{¶12} R.C. 5717.05, under which Simic appealed, provides in part that "[t]he county auditor and all parties to the proceedings before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived."

{¶13} In *Huber Hts. Circuit Courts, Ltd. v. Carne*, 74 Ohio St.3d 306, 1996-Ohio-157, 658 N.E.2d 744, the Ohio Supreme Court considered whether the above-quoted requirements under R.C. 5717.05 are jurisdictional and, thus, mandatory. The court held that they are.

{¶14} In *Huber Hts.*, Allan Johnston filed three real property valuation complaints with the Montgomery County Board of Revision. The Board of Education for the Huber Heights School District filed "counter-complaints" against each of the three complaints. A hearing was held before the board of revision, and the board of education moved to

dismiss the complaints because Johnston was not the proper person to file the complaints. The board of revision agreed and dismissed the complaints.

{¶15} The three property owners appealed to the common pleas court under R.C. 5717.05. They neither named the board of education as an appellee nor served it with a copy of the notices of appeal. The board of education moved to dismiss the appeals based on the property owners' failure to name or serve it, and the trial court granted its motion.

{¶16} The Second Appellate District upheld the trial court,[2] and the Ohio Supreme Court affirmed. In doing so, the court distinguished the requirements from mere procedural rules that need not be strictly adhered to, finding that the right to appeal in these cases is governed by statute. To that end, the court stated: "R.C. 5717.05 sets forth who may appeal, how one appeals, whom the appellant names as appellees, and how the appellant serves appellees with notice of the appeal. We read this statute as mandatory and jurisdictional." *Huber Hts. Circuit Courts, Ltd.*, 74 Ohio St.3d at 308, 1996-Ohio-157, 658 N.E.2d 744.

{¶17} Simic contends that because he served, by certified mail, the board of revision and the county fiscal officer, and the board of education and its counsel, his appeal should not have been dismissed. But certified mail service is only one of the two mandatory requirements under R.C. 5717.05. The other requirement, that "the county auditor and all parties to the proceedings before the board, other than the appellant filing

---

[2] *Huber Hts. Circuit Courts, Ltd. v. Carne*, 2d Dist. No. 14378, 1994 Ohio App. LEXIS 2800 (June 29, 1994).

the appeal in the court, *shall be made appellees * * **," was not complied with. (Emphasis added.) R.C. 5717.05.

{¶18} This court recently addressed the requirements of R.C. 5717.05 in *Palladino v. Steen*, 8th Dist. No. 98968, 2013-Ohio-1455. In *Palladino*, the homeowner appealed to the common pleas court from the board of revision's decision on the homeowner's complaint concerning the valuation of real property for the 2010 tax year. In her appeal, Palladino only named the county fiscal officer as appellee. But she did serve the board of revision with a copy of the notice of appeal, albeit not through certified service.

{¶19} The fiscal officer filed a motion to dismiss Palladino's complaint for failure to comply with R.C. 5717.05 by not naming the board of revision as an appellee. The trial court granted the motion, citing *Luther Hills v. Lucas Cty. Bd. of Revision*, 6th Dist. No. L-99-1325, 2000 Ohio App. LEXIS 1895 (May 5, 2000), in which the Sixth Appellate District found that an appellant failed to meet the requirements of R.C. 5717.05 because it named the wrong school district as an appellee.[3]

{¶20} In *Palladino*, this court held that R.C. 5717.05 "does not require an appellant to name the board of revision as appellee. * * * The board of revision is not a party adverse to the complainant, it is the deciding tribunal and as such, the board is not a party to the proceeding." *Id.* at ¶ 8. Thus, this court held that the complaint, naming the county fiscal officer, was sufficient under the R.C. 5717.05.

---

[3]The court made this finding even though the correct school district had notice of the appeal because it was represented by the same attorney who represented the incorrectly named school district.

**{¶21}** But, citing *Luther Hills*, this court further held that an appellant is "required to name the district as an appellee and [a] trial court [is] correct in dismissing the case for lack of jurisdiction" based on an appellant's failure to do so. *Palladino* at ¶ 10.

**{¶22}** Here, Simic did not name the CMSD or the county fiscal officer in his notice of appeal to the common pleas court. We are not persuaded by his contention that he "constructively" named them by serving them and including their names in the certificate of service. As *Luther Hills* instructs, service alone is insufficient. Moreover, a caption to a notice of appeal and a certificate of service are not the same. The notice of appeal names the parties, while the certificate of service certifies who has been served. A person or entity who is *not a party* may be served. For example, a person or entity who is acting as an amicus curiae, or "friend of the court," may be served, although not a party to the action.

**{¶23}** Additionally, Simic's October 2012 "brief in support of appeal," in which he listed the fiscal officer and the CMSD in the caption, did not cure the jurisdictional defect. Again, the notice of appeal is where parties need to be initially identified.

**{¶24}** In light of the Ohio Supreme Court's decision in *Huber Hts.*, and this court's decision in *Palladino*, approving *Luther Hills*, the trial court properly dismissed Simic's appeal.

**{¶25}** Thus, Simic's assignment of error is overruled and the trial court's judgment is affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

___
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR