CLEAVINGER et al., Appellants,

v.

BOARD OF COUNTY COMMISSIONERS OF
HAMILTON COUNTY et al., Appellees.

[Cite as *Cleavinger v. Hamilton Cty. Bd. of Commrs.* (1991), 72 Ohio App.3d 187.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900012.

Decided Jan. 16, 1991.

*Wood & Lamping* and *Thomas M. Woebkenberg,* for appellants.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *Thomas J. Scheve; Scott C. Kirschman,* for appellee Board of County Commissioners.

*Mark C. Vollman,* for appellee city of Cincinnati.

*Per Curiam.*

The plaintiffs-appellants are landowners who have unsuccessfully petitioned the Hamilton County Board of Commissioners to annex their Springfield Township property to the city of Springdale, Ohio. The plaintiffs appeal from the dismissal of their administrative appeal under R.C. 2505.04 for failure to perfect the appeal by filing a supplemental notice of appeal in the court of common pleas within the thirty-day period specified by R.C. 2505.07. Because the appellants complied with the express terms of R.C. 2505.04 when they timely filed their notice of appeal with the agency from which the appeal was taken, we hold that the appeal was perfected without need to file an additional notice of appeal with the court of common pleas.

The appellees cite *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113, for the proposition that the additional common pleas filing is a jurisdictional requirement. *Dudukovich* involved a notice of appeal received by the court of common pleas within

thirty days of the contested order, but not by the agency from which the appeal was taken, the converse of the situation before us. *Dudukovich* is therefore inapplicable.

The language from *Dudukovich* quoted by appellees, that "[a]s a practical matter, such notice must also be filed, within the same time limit, with the court of common pleas, in order for it to assume jurisdiction," preceded the amendment of R.C. 2505.03, effective March 17, 1987, which now incorporates the Rules of Appellate Procedure in the absence of a relevant provision of R.C. Chapter 2505. See, also, App.R. 3(D). Further, the quoted language does not state which party must make the additional filing. *Dudukovich, supra,* at 204, 12 O.O.3d at 200, 389 N.E.2d at 1115.

■ The argument posed by the appellees that dismissal of the appeal was proper because the appellants failed to file a supersedeas bond pursuant to R.C. 2505.06 is without merit. Assuming for purposes of argument only that the failure to file such a bond is a jurisdictional defect requiring dismissal of the action and not merely a procedural defect warranting consideration of the appeal on questions of law only, but, see, *Mahoney v. Berea* (1986), 33 Ohio App.3d 94, 97, 514 N.E.2d 889, 891, fn. 4, we hold that the lack of a judgment rendered for money damages or of the appellees' identification of an interest that would need to be secured by bond pending appeal renders R.C. 2505.06 inapplicable to this case. See *Mahoney, supra.*

The judgment of the trial court is therefore reversed and this cause is remanded to the trial court for further proceedings in accordance with this decision and the law.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., DOAN and KLUSMEIER, JJ., concur.