JOURNAL ENTRY AND OPINION
This appeal raises the issue of when is an administrative appeal perfected so as to confer jurisdiction on a common pleas court. The appellants Phyllis and Jack Keller filed a timely notice of appeal to the Board of Zoning Appeals ("Board") of its decision granting a variance to build a Jewish house of worship in their residential neighborhood, but failed to file the notice in the common pleas court 36 days after the Board's decision. The appellees Board of Zoning, City of Beachwood, and Chabad House, requested the trial court dismiss the appeal as untimely filed. The trial court dismissed the action and the Kellers appealed. They assigned the following errors for our review:
 I. THE TRIAL COURT ERRED IN DISMISSING A R.C. SEC. 2506 APPEAL FROM THE ACTION OF THE BOARD OF ZONING APPEALS FOR A LACK OF JURISDICTION WHEN THE APPELLANTS TIMELY TIMELY (SIC) FILED AN ORIGINAL NOTICE OF APPEAL WITH THE BOARD.
 II. THE TRIAL COURT ERRED IN DISMISSING THE INSTANT APPEAL FOR A LACK OF JURISDICTION WHEN THE APPEAL WAS FILED WITH THE TRIAL COURT ACCORDING TO LAW.
We resolve this appeal on assigned error one and moot the second error. We affirm the trial court's decision to dismiss this appeal for lack of jurisdiction.
R.C. Chapter 2505 sets forth the procedure for appealing an administrative proceeding. Appellants appealed the Board's grant of the use permit to Chabad House, and filed their appeal with the Board on several different dates. The one we are concerned with is the one filed with the Board on February 25, 1999, which was timely filed. However, the appellants failed to file this notice with the common pleas court until March 25, 1999. The court held this appeal untimely. We agree.
R.C. 2505.04 states:
 An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court * * * in, in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved.
Various courts have directly and indirectly criticized R.C. 2505.04 for not being explicit in defining who is to be served with the notice of appeal for purposes of perfecting the appeal. Recognizing the lack of explicitness in R.C. 2505.04, the Ohio Supreme Court stated in dicta that "as a practical matter such notice must also be filed, within the same time limit, with the common pleas court in order for it to assume jurisdiction."[1]
Admittedly, Dudukovich factually is different from this case because the issue concerned the method of delivery and not to whom it was delivered; nevertheless, we see the concern as being the same, i.e., is it sufficient to file a notice of appeal from an agency's decision only with the agency and not with the court. Dudukovich recognized that, as a practical matter, the appeal is not perfected unless the notice is filed timely with both.
R.C. 2505.04 uses the disjunctive "or" when stating what entity the appellant should file with the notice, leaving unanswered whether the notice of appeal should be filed with both the agency and the court within the stated time frame. Dudukovich resolves this issue for us and we hold that an R.C. 2505 appeal of an agency's decision must be filed timely with both the agency and the court.
We recognize that the Ninth Appellate District[2] disagrees with us on this point and has distinguished Dudukovich on the basis that inDudukovich the notice was filed with the court and not the agency. In fact, the notice was filed with the court and mailed to the agency. The notice in Dudukovich was timely delivered to the agency by mail service. The Ohio Supreme Court held in Dudukovich that since no evidence existed that it was not timely delivered to the agency, that court would presume that it was timely filed. Here, as in Cleavinger, the notice was timely filed with the agency, but not timely filed with the court. Cleavinger
asserts that as long as the agency receives the notice timely, the appeal is perfected.
However, a problem exists when only the agency is notified. When the court does not receive notice from a practical standpoint, the appeal could lay dormant for months. Filing the appeal with the court triggers the agencies' action to file the transcript with the court. Consequently, both the agency and the court should be served timely. Otherwise, the matter is not properly before the court.
We are mindful that this court has historically held that the notice of appeal must be filed with the agency in order to perfect the appeal.[3]
Our decision today is not inconsistent. We adopt the practicality urged in Dudukovich, which mandates both be noticed in order to perfect the appeal and to confer jurisdiction.
Additionally, appellees argue App.R.3(D) resolves this issue because it states that the notice of appeal shall name the court. Although App.R.3d does refer to naming the court, it does not clearly state that the notice shall be filed with the court at the same time as with agency within 30 days. Consequently, the best resolution of this matter is the practical approach taken in Dudukovich. Assigned error one is overruled and error two is moot.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., CONCURS; TERRENCE O'DONNELL, J., CONCURS IN JUDGMENT ONLY.
[1] Dudukovich v. Lorain Metro Housing Authority (1979),58 Ohio St.2d 202, 389 N.E.2d 1113.
[2] Cleavinger v. Hamilton Cty. Bd. Of Commrs. (1991),72 Ohio App.3d 187, 594 N.E.2d 135.
[3] Young Isreal of Beachwood v. City of Beachwood (May 11, 2000), Cuyahoga App. No. 76217, 76232, unreported.