DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Apostolic Faith Assembly ("Apostolic"), appeals from the decision of the Summit County Court of Common Pleas. This Court reverses and remands.
 I. {¶ 2} Apostolic owns property located at 1717 West Turkeyfoot Lake Rd. in Coventry Township, Summit County, Ohio. On October 19, 1999, Apostolic obtained a conditional use permit from the Coventry Township Board of Zoning and Appeals ("the Board"). In June of 2000 the Board issued Coventry Zoning Permit No: 9759 ("the permit"). In 2007, the Board issued notice that it was going to consider revoking the permit at a public hearing on June 5, 2007. Apostolic appeared at the hearing and presented evidence and testimony to the Board. On July 17, 2007, the Board approved the resolution revoking the permit ("the resolution"), finding that Apostolic was in violation of the permit. On August 15, 2007, Apostolic filed a notice of appeal with the Board. On August 17, 2007, Apostolic filed a notice of appeal with the *Page 2 
Summit County Court of Common Pleas. The Board filed a motion to dismiss the appeal, asserting that Apostolic failed to perfect its appeal by failing to file its notice within the allotted time frame. On October 16, 2007, the trial court granted the Board's motion, finding that Apostolic did not timely perfect its appeal. Apostolic timely appealed from this decision, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DISMISSING AN ADMINISTRATIVE APPEAL FOR LACK OF JURISDICTION WHEN [APOSTOLIC] PERFECTED ITS APPEAL BY FILING THE NOTICE OF APPEAL WITH THE BOARD WITHIN THIRTY DAYS FROM THE BOARD'S DECISION."
 {¶ 3} In its sole assignment of error, Apostolic contends that the trial court erred in dismissing an administrative appeal for lack of jurisdiction when Apostolic perfected its appeal by filing its notice of appeal with the Board within 30 days from the Board's decision. We agree.
 {¶ 4} The Board initially argues that Apostolic did not raise this argument below. However, "[w]e note that subject matter jurisdiction may be raised sua sponte. Thus, we will address this argument regardless of how and when it was raised." (Internal citation omitted.) Turowski v.Apple Vacations, Inc., 9th Dist. No. 21535, 2004-Ohio-33, at ¶ 6.
 {¶ 5} In the instant case, the Board filed a motion to dismiss, contending that the Summit County Court of Common Pleas lacked subject matter jurisdiction over Apostolic's appeal because Apostolic did not timely file its notice of appeal. "A motion to dismiss for lack of subject-matter jurisdiction inherently raises questions of law, and our review is de novo." Crosby-Edwards v. Ohio Bd. of Embalmers FuneralDirectors, 175 Ohio App.3d 213, 2008-Ohio-762, at ¶ 21, citingGroza-Vance v. Vance, 162 Ohio App.3d 510, 2005-Ohio-3815, at ¶ 13. *Page 3 
 {¶ 6} The trial court found that
 "[a] written decision was entered on July 17, 2007. [Apostolic] received notice of said decision on July 17, 2007. Pursuant to R.C. 2505.07, [Apostolic] had thirty days to perfect an appeal. Notice of appeal was filed with the Clerk of Courts on August 17, 2007, outside of the 30-day window. This Court is without jurisdiction."
 {¶ 7} The trial court's finding was in error. While correct in its assertion that pursuant to R.C. 2505.07, Apostolic had 30 days to perfect the appeal, it was incorrect in its determination ofhow the appeal was to be perfected.
 {¶ 8} R.C. 2505.07 states that an appeal must be perfected within 30 days after the entry of the Board's final order. R.C. 2505.04 sets forth the requirements to perfect an appeal. According to this section:
 "An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved. * * * After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional." (Emphasis added.) R.C. 2505.04.
 {¶ 9} Further, R.C. 2505.03(B) incorporates the Appellate Rules in the absence of a relevant portion of Chapter 2505. "[I]f it is necessary in applying the Rules of Appellate Procedure to such an appeal, the * * * board * * * shall be treated as if it were a trial court whose final order, judgment, or decree is the subject of an appeal to a court of appeals or as if it were a clerk of such a trial court." R.C. 2505.03(B); See, also, Cleavinger v. Hamilton Cty. Bd. of Commrs. (Jan. 16, 1991), 72 Ohio App.3d 187, 189. App. R. 3(A) states in pertinent part that
 "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." (Emphasis added.) *Page 4 
 {¶ 10} In Cleavinger, supra, the landowner-appellants had petitioned the Hamilton County Board of Commissioners to annex their property to the city of Springdale, Ohio. Their petition was denied and they appealed to the Hamilton County Court of Common Pleas. The trial court dismissed their administrative appeal for failure to perfect the appeal by neglecting to file notice with the trial court within 30 days. On appeal, the second district found that "[b]ecause the appellants complied with the express terms of R.C. 2505.04 when they timely filed their notice of appeal with the agency from which the appeal was taken, we hold that the appeal was perfected without need to file an additional notice of appeal with the court of common pleas." Cleavinger,72 Ohio App.3d at 188.
 {¶ 11} In its motion to dismiss, the Board conceded that Apostolic filed its notice of appeal with the Board on August 15, 2007. This was within the 30 day time frame allotted under R.C. 2505.07. Accordingly, we find that Apostolic timely filed its notice of appeal with the Board. R.C. 2505.04. We further find that Apostolic complied with the express terms of R.C. 2505.04 by timely filing its notice of appeal with the Board, the agency from which the appeal was taken, and therefore, it perfected its appeal. No additional steps were required to perfect the appeal. Cleavinger, supra, at 188. We find that the trial court erred when it determined that it did not have jurisdiction over this matter. Apostolic's assignment of error is sustained.
 III. {¶ 12} Apostolic's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
 Judgment reversed, and cause remanded. *Page 5 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellees.
SLABY, J. CONCURS