**EXCHANGE STREET ASSOCIATES, L.L.C., Appellant,**

v.

**DONOFRIO et al., Appellees.**

[Cite as *Exchange St. Assoc., L.L.C. v. Donofrio*, 187 Ohio App.3d 241, 2010-Ohio-127.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 24806.

Decided Jan. 20, 2010.

Kevin G. Davis, for appellant.

■■■■■■■■■■■■■■■■■

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Marvin Evans, Assistant Prosecuting Attorney, for appellees.

David H. Seed and Jennifer A. Hoehnen, for appellee.

---

BELFANCE, Judge.

{¶ 1} Appellant, Exchange Street Associates, L.L.C. ("Exchange"), appeals from the decision of the Summit County Court of Common Pleas dismissing its administrative appeal for lack of jurisdiction. For reasons set forth below, we reverse.

## FACTS

{¶ 2} In September 2008, following a hearing, appellee, Summit County Board of Revision ("the BOR"), issued a decision increasing the value of three parcels of property owned by Exchange. The parties do not dispute that the BOR mailed the decision via certified mail on September 22, 2008. On October 15, 2008, Exchange filed a notice of appeal pursuant to R.C. 5717.05 with the Summit County Court of Common Pleas and with the BOR. Exchange named appellee, John A. Donofrio, the Fiscal Officer of Summit County ("fiscal officer"), the BOR, and appellee, the Akron Board of Education ("the Akron BOE") as appellees. On the same date, Exchange instructed the clerk of courts to serve the notice of appeal on the fiscal officer, the BOR, and the Akron BOE. The docket indicates that the notices of appeal were sent out via certified mail on October 22 or 23.[1] The Fiscal Officer, the BOR, and the Akron BOE were served by certified mail on October 24, 2008. On March 24, 2009, Akron BOE filed a motion to dismiss the appeal arguing that "the appeal filed by [Exchange] [was] jurisdictionally defective as it failed to properly serve by certified mail a copy of the Notice of Appeal to [the Akron BOE]." In its motion, the Akron BOE did not argue that Exchange was untimely in its certified-mail service of the notice of appeal, it instead argued that Exchange had not served the Akron BOE by certified mail at all. The trial court granted the Akron BOE's motion to dismiss for lack of jurisdiction concluding that Exchange "failed to comply with the requirement of R.C. 5717.05—serving the named Appellees within the thirty-day time period. All named Appellees were served with the Notice of Appeal by certified mail on October 24, 2008, 32 days after the written decision of [the BOR]." Exchange timely appealed to this court, raising one assignment of error for our review.

---

1. The "Entries" portion of the docket lists October 23 as the date of issuance while the "All Services" portion of the docket indicates that October 22 was the date of issuance. For simplicity's sake the court will use October 22, 2008 as the date of issuance.

R.C. 5717.05

{¶ 3} Exchange argues that the trial court erred in dismissing its appeal for lack of jurisdiction. We agree.

{¶ 4} A motion to dismiss for lack of subject-matter jurisdiction inherently raises questions of law, and appellate review is de novo. *Apostolic Faith Assembly, Inc. v. Coventry Twp.*, 9th Dist. No. 23938, 2008-Ohio-2820, 2008 WL 2357936, at ¶ 5.

{¶ 5} R.C. 5717.05 provides:

As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code. The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived. The prosecuting attorney shall represent the auditor in the appeal.

{¶ 6} The Supreme Court of Ohio analyzed the provisions of this statute in *Huber Hts. Circuit Courts, Ltd. v. Carne* (1996), 74 Ohio St.3d 306, 658 N.E.2d 744. In *Huber Hts.*, the appellants appealed to the common pleas court following a dismissal of their complaint by a board of revision. Id. at 306, 658 N.E.2d 744. The appellants appealed pursuant to R.C. 5717.05, but "did not name the [Board of Education] as an appellee or serve a copy of the notices of appeal on the [Board of Education]." Id. The board of education moved to dismiss for the above failures. The court of common pleas dismissed the case, and the court of appeals affirmed. The Supreme Court was presented with the following certified question: "Are the requirements of R.C. 5717.05 that 'all parties to the proceedings before the board * * * shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived' jurisdictional?" Id. at 307, 658 N.E.2d 744. The Supreme Court answered the question in the affirmative. In its analysis, the high court stated that " '[w]here a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.' " Id. at 308, 658 N.E.2d 744, quoting *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 150, 34 O.O. 8, 70 N.E.2d 93. The *Huber Hts.* court concluded that "R.C. 5717.05 sets forth who may appeal, how one appeals, whom the appellant names as appellees, and *how* the appellant serves appellees with notice of the appeal. We read this statute as

mandatory and jurisdictional." (Emphasis added.) 74 Ohio St.3d at 308, 658 N.E.2d 744. Thus, it determined that the statute must be followed "precisely." Id. However, the *Huber Hts.* court did not address *when* service must occur pursuant to R.C. 5717.05.

{¶ 7} Because we believe that Exchange did precisely follow the statute, we conclude that the court of common pleas erred in dismissing its appeal. The parties do not dispute that the BOR's decision was mailed by certified mail on September 22, 2008. Thus, in order to appeal pursuant to R.C. 5717.05, Exchange had to file a "notice of appeal with the court [of common pleas] and with the board [of revision] within thirty days after notice of the decision of the board [wa]s mailed." R.C. 5717.05. There is no dispute that Exchange did so on October 15, 2008, well within the 30–day limit.

{¶ 8} The statute further provides that "[t]he county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived." Id. In its notice of appeal, Exchange named the fiscal officer, the BOR, and the Akron BOE as appellees. There is no argument that these are the incorrect parties or that a proper party was not included. In keeping with *Huber Hts.*, had Exchange failed to name the proper party or file the notice of appeal within with the BOR and the common pleas court within 30 days of the issuance of the decision, such defects would have been jurisdictional. *Huber Hts.*, 74 Ohio St.3d at 307, 658 N.E.2d 744.

{¶ 9} Here, the court of common pleas dismissed Exchange's appeal because it "failed to comply with the requirement of R.C. 5717.05—serving the named Appellees within the thirty-day time period." However, R.C. 5717.05 requires only that the "notice of the appeal shall be served upon them by certified mail unless waived." The plain language of the statute does not include a requirement that service be made by certified mail in the 30–day time period for filing the appeal. The first sentence of R.C. 5717.05 requires that the notice of appeal be filed with the court of common pleas and the board of revision within 30 days after the decision of the board of revision is mailed via certified mail. However, no such time requirement is contained in the second sentence concerning service by certified mail. "[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, at ¶ 14.

{¶ 10} It is undisputed that on October 15, 2008, Exchange instructed the clerk of courts to serve the fiscal officer, the BOR, and the Akron BOE with the notice of appeal via certified mail. The certified mail was issued on October 22, 2008,

and claimed by all parties on October 24, 2008. The docket, as well as the court of common pleas' judgment entry, indicates that all named appellees were served by certified mail on October 24, 2008. At the time the Akron BOE filed its motion to dismiss on March 24, 2009, claiming that "the appeal filed by [Exchange] [was] jurisdictionally defective as it failed to properly serve by certified mail a copy of the Notice of Appeal to [the Akron BOE]," it had been in possession of that very notice of appeal, which it received by certified mail, for five months. In light of the plain language contained in R.C. 5717.05 and the fact that Exchange served the parties with a copy of the notice of appeal by certified mail, we conclude that the court of common pleas erred in finding that the failure to serve the appellees within the 30–day time period constituted a jurisdictional bar to the appeal.

{¶ 11} The court of common pleas relied on this court's decision in *McClintick v. Summit Cty. Bd. of Revision*, 9th Dist. No. 23615, 2007-Ohio-5110, 2007 WL 2810053, to conclude that service must be made by certified mail in the same 30–day period stated for the filing of the notice of appeal. *McClintick*, however, is factually distinguishable from the instant appeal. In *McClintick*, the appellants did not include the Board of Education for Woodridge School District as an appellee when the appellants filed their notice of appeal and did not attempt to correct this defect until after the other appellees moved to dismiss the appeal. Id. at ¶ 2. The appellants contended that the lower court erred in finding that the statute requires all parties to the prior proceeding be made appellees within the requisite 30–day time period and that the notice must be served within that same time period. Id. at ¶ 6. While, the appellants' argument dealt with both naming the proper parties and the timeframe for service, our analysis almost entirely focused on the requirement that the proper parties be named in the notice of appeal. This is further evidenced by our focus on *Huber Hts.*, which did not discuss a timeframe for service at all. Therefore, we do not believe that *McClintick* stands for the proposition that service by certified mail must be accomplished within the 30 days following the mailing of the board of revision's decision.

{¶ 12} The Akron BOE argues on appeal that Exchange

failed to comply with the express requirements of R.C. 5717.05 by failing to serve the Notice of Appeal to [the Akron BOE] by *certified mail*. Though [Exchange] focuses on the time period, [the Akron BOE] maintains regardless of the time period, the Notice of Appeal must be served by certified mail[.] * * * [T]he certificate of service, signed by [Exchange] shows the Notice of Appeal was mailed to [the Akron BOE] via regular mail. * * * Regardless of the instructions to the clerk, [Exchange] *actually served* the Notice of Appeal

via *regular mail*, failing to meet the statutory requirements of R.C. 5717.05. (Emphasis sic.)

{¶ 13} Considering both the docket and the court of common pleas' entry indicate that the Akron BOE was served by certified mail on October 24, 2008, it appears Akron is arguing either (1) that Exchange itself had to serve the Akron BOE and that the clerk could not fill this role or (2) that serving Akron BOE by *both* regular mail and certified mail somehow violates R.C. 5717.05. These arguments are without merit. The plain language of the statute does not prohibit the appellant from completing the certified mail service using the clerk of court as an intermediary. Nor does the language of the statute prohibit service of the notice of the appeal by *both* certified mail and regular mail. As it is apparent that Exchange did serve all of the appellees via certified mail, thus complying with R.C. 5717.05, we believe that it is immaterial that Exchange also served the appellees by regular mail.

## CONCLUSION

{¶ 14} Because Exchange precisely complied with the requirements of R.C. 5717.05, we conclude that the trial court erred in dismissing its appeal for lack of jurisdiction. Exchange's assignment of error is sustained and the decision of the Summit County Court of Common Pleas is reversed.

Judgment reversed
and cause remanded.

MOORE, P.J., and DICKINSON, J., concur.

In re C.P.; J.P. et al., Appellants.