[Cite as *2188 Brockway, L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 2015-Ohio-109.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101529**

**2188 BROCKWAY, L.L.C.**

PLAINTIFF-APPELLANT

vs.

**CUYAHOGA COUNTY FISCAL OFFICER,[1] ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-818561

**BEFORE:** Blackmon, J., Kilbane, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 15, 2015

---

[1]The original caption of this case was *2188 Brockway, L.L.C. v. Cuyahoga County Auditor, et al.* In accordance with App.R. 29(C), the court substitutes *Cuyahoga Fiscal Officer* for the *Cuyahoga County Auditor*.

**ATTORNEY FOR APPELLANT**

Daniel F. Lindner
The Lindner Law Firm, L.L.C.
2077 East 4th Street, 2nd Floor
Cleveland, Ohio 44115


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Saundra Curtis-Patrick
Assistant Prosecuting Attorney
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** In this accelerated appeal, appellant 2188 Brockway, L.L.C. ("Brockway") appeals the trial court's dismissal of its appeal from the Board of Revision ("BOR") for lack of jurisdiction. Brockway assigns the following two errors for our review:

> I. The trial court erred by dismissing the present administrative appeal, as appellant caused all necessary parties to be served by certified mail as required by R.C. 5717.05. There is no time limitation requirement in this statute for completing such service.
>
> II. The trial court erred by dismissing the present administrative appeal, because appellant strictly complied with all express mandates of R.C. 5717.05.

**{¶2}** After reviewing the record and relevant law, we reverse the trial court's decision and remand for further proceedings consistent with this opinion. The apposite facts follow.

**{¶3}** On November 14, 2013, after an administrative hearing was conducted, the BOR denied Brockway's request to reduce the property tax value of property it owned in South Euclid, Ohio. On December 6, 2013, Brockway filed an appeal pursuant to R.C. 5717.05 with the common pleas court and the BOR. A copy of the notice of appeal was served upon the Cuyahoga County Auditor, n.k.a. Cuyahoga County Fiscal Officer ("fiscal officer") by certified mail.

**{¶4}** On March 7, 2014, the fiscal officer filed a motion to dismiss the appeal on behalf of the BOR because the BOR was not served with the notice of appeal by certified mail as required by R.C. 5717.05. Although the BOR acknowledged it was provided a hand-delivered copy, the fiscal officer cited to case law, including law from this district, supporting the fact that the requirements of R.C. 5717.05 are jurisdictional and must be strictly complied with, including delivery by certified mail.

**{¶5}** In response to the motion to dismiss, on March 12, 2014, Brockway served the BOR, by certified mail, the notice of appeal. Brockway then filed a brief in opposition to the

motion to dismiss, arguing that the motion was moot because it had since served the BOR by certified mail. In so arguing, Brockway admitted that service was obtained on the BOR outside of 30 days, but argued R.C. 5717.05 does not state the time frame in which the BOR had to be served because the 30-day time requirement only applied to the "filing" of the notice of appeal with the BOR. The trial court granted the fiscal officer's motion to dismiss for lack of jurisdiction.

## Jurisdiction

{¶6} We will address Brockway's assigned errors together because they both argue that Brockway complied with R.C. 5717.05 by serving the BOR with a certified copy of the notice of appeal more than 30 days after the BOR denied its motion to reduce the tax value of its property.

{¶7} R.C. 5717.05 states in pertinent part as follows:

As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. The appeal shall be taken by *the filing of a notice of appeal* with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code. The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal *shall be served upon them by certified mail* unless waived. The prosecuting attorney shall represent the auditor in the appeal. (Emphasis added.)

**{¶8}** It is undisputed that the notice of appeal from the BOR had to be "filed" with the court of common pleas and BOR within 30 days of the mailing of the decision. Nothing in the statute requires that the "service" of the notice of appeal on the parties occur within 30 days.

**{¶9}** In *Exchange Street Assoc., L.L.C. v. Donofrio,* 187 Ohio App.3d 241, 2010-Ohio-127, 931 N.E.2d 1101 (9th Dist.), the Ninth District held that a strict reading of the statute shows that although the statute requires the notice of the appeal be "served" on the parties by certified mail, it does not impose a time requirement for completing the service. The court explained as follows:

> Here, the court of common pleas dismissed Exchange's appeal because it "failed to comply with the requirement of R.C. 5717.05 — serving the named Appellees within the thirty-day time period." However, R.C. 5717.05 only contains the requirement that the "notice of the appeal shall be served upon them by certified mail unless waived." The plain language of the statute does not include a requirement that service be made by certified mail in the thirty-day time period for filing the appeal. *Id.* The first sentence of R.C. 5717.05 requires that the notice of appeal be filed with the court of common pleas and the board of revision within thirty days after the decision of the board of revision is mailed via certified mail. *Id.* However, no such time requirement is contained in the second sentence concerning service by certified mail. *Id.* "[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, at ¶ 14, 780 N.E.2d 543.[2]

**{¶10}** We agree with *Donofrio* that requiring the service on the appellees to be performed within 30 days adds language to the statute that does not exist. The statute clearly applies the 30-day time limit to the "filing" of the notice of appeal with the court and BOR, not the "service" of the notice on the appellees.

---

[2]An appeal taken to the Board of Tax Appeals as provided by R.C. 5717.01, instead of to the court of common pleas pursuant to R.C. 5717.05, places the duty of service upon the BOR. "Upon receipt of such notice of appeal such county board of revision shall by certified mail notify all persons thereof who were parties to the proceeding before such county board of revision, and shall file proof of such notice with the board of tax appeals."

**{¶11}** The BOR urges us not to rely on *Donofrio,* arguing it does not comply with the Ohio Supreme Court's decision in *Huber Hts. v. Carne*, 74 Ohio St.3d 306, 658 N.E.2d 744 (1996). We disagree. *Huber Hts.* stands for the proposition that the requirements of R.C. 5717.05 are jurisdictional and that the statute's requirements are mandatory. We do not see how adding language to the statute that does not exist, as urged by the BOR, would constitute following the mandatory statutory requirements. There is simply no requirement in the statute that the appellees be served with notice of the appeal within 30 days. Therefore, the holding in *Donofrio* does not contravene the holding in *Huber Hts.*

**{¶12}** The BOR also argues that no other cases have relied on *Donofrio.* However, we have found no other cases that deal with the specific issue of whether the appellees have to be "served" with the notice of the filing of the appeal within 30 days. We conclude that Brockway's serving the BOR immediately after the fiscal officer filed a motion to dismiss for not having been served by certified mail, was reasonable.

**{¶13}** This is not a case where Brockway failed to join the BOR as an appellee in a timely manner because the BOR is not a "party" to the appeal, but the tribunal from which the appeal is taken. *See Palladino v. Steen*, 8th Dist. Cuyahoga No. 98968, 2013-Ohio-1455, ¶ 8. ("The board of revision is not a party adverse to the complainant, it is the deciding tribunal and as such, the board is not a party to the proceeding.") Therefore, the BOR's reliance on this court's decisions in *Simic v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 99168, 2013-Ohio-3000, and *The George Whalley Co. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga Nos. 47890 and 47984 (Nov. 21, 1984) [Lexis citation unavailable], which address the

appellant's failure to join a party until after the appeal is filed, are inapplicable.[3]   Accordingly, we sustain Brockway's assigned errors.

**{¶14}** Judgment is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

---

[3]Although Brockway does not raise the issue, we question if the BOR had to be "served" with the notice of appeal at all, since the statute only requires that the notice of appeal be "filed" with the BOR and common pleas court within 30 days, not "served."  *See Great N. Partnership v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 57277, 1990 Ohio App. LEXIS 2970 (July 9, 1990) ("the filing and service requirements of R.C. 5717.05 are not interrelated, but rather mandate different actions, performed with respect to different entities"); *Scranton-Averell, Inc. v. Cuyahoga Cty. Fiscal Officer*, Cuyahoga C.P. No. CV-13-813694, 2014 Ohio Misc. LEXIS 4 (Jan. 14, 2014) (fiscal officer agreed that BOR was not a party, and the court interpreted the notice by "certified mail" requirement only applied to parties); *but see Musarra v. Cuyahoga Cty. Aud.*, 8th Dist. Cuyahoga No. 98321, 2012-Ohio-3967, which required both the BOR and fiscal officer to be served with the notice by certified mail.  In the instant case, the BOR was served by certified mail, therefore, whether it had to be served at all is not at issue.