[Cite as *Jackson v. Ohio Dept. of Edn.*, 2016-Ohio-2818.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| WILLENA L. JACKSON | C.A. No. 27686 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| OHIO DEPARTMENT OF EDUCATION | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CV 2014-10-4928 |

DECISION AND JOURNAL ENTRY

Dated: May 4, 2016

MOORE, Judge.

{¶1} Appellant Willena L. Jackson appeals from the decision of the Summit County Court of Common Pleas dismissing her administrative appeal for lack of jurisdiction. We affirm.

I.

{¶2} Ms. Jackson was a licensed elementary school teacher who taught first grade. On August 21, 2013, the State Superintendent of Public Instruction ("Superintendent") on behalf of the State Board of Education ("Board") notified Ms. Jackson of its intent to determine whether to deny her application for a five-year professional elementary teaching license pursuant to R.C. 3319.31(B)(1) and of her opportunity to request a hearing. The notification included allegations that, during the 2011-2012 school year, Ms. Jackson had squeezed students' faces, had thrown objects at students, pulled students by their shirts, told a student that her "anger [wa]s stronger [than] that [s]tudent's [] anger[,]" made students stand in the corner for excessive amounts of time, pushed a student against a wall, and used inappropriate language toward some students by

shouting at them. Additionally, the notification alleged that, during the 2008 school year, Ms. Jackson had removed a student from his chair with force, causing him to fall and hit his head on the floor. Ms. Jackson requested a hearing which was held before a hearing officer.

{¶3} The hearing officer issued a report and recommendation concluding that Appellee the Ohio Department of Education ("Department") met its burden with respect to all of the allegations except for the allegation that Ms. Jackson used inappropriate language by shouting at her students. The hearing officer found that Ms. Jackson violated R.C. 3319.31(B)(1) and recommended that her application for a five-year professional teaching license be denied. Additionally, the hearing officer recommended that Ms. Jackson be permitted to reapply a year from the date of the Board order upon evidencing that she completed 40 hours of anger management coursework and that she provide results from a "fitness to teach" examination. Ms. Jackson objected to the report and recommendation, however, her objections were determined to be untimely and were not considered.

{¶4} Thereafter, the Board issued a resolution denying Ms. Jackson's application for a five-year professional elementary teaching license and concluded that she was ineligible to reapply until September 16, 2015, or thereafter, assuming Ms. Jackson met the criteria outlined in the hearing officer's report and recommendation. The Superintendent was instructed to notify Ms. Jackson of the Board's action.

{¶5} On October 3, 2014, the Director of the Office of Professional Conduct of the Department mailed to Ms. Jackson, via certified mail, a letter informing her of her right to appeal pursuant to R.C. 119.12, the steps she needed to take if she desired to appeal, and the timeline for appealing. The letter indicated that a certified copy of the resolution of the Board was enclosed in the mailing. Below the language of the resolution, there is an attestation stating that, "I certify

that the above is a true and correct copy of the action taken by the [Board] at its meeting on September 16, 2014." The attestation bears a signature purporting to be that of the Superintendent.[1] The certified mail receipt, while somewhat difficult to read, appears to be signed and appears to bear a date stamp of October 10, 2014. Additionally, the letter to Ms. Jackson indicated that a copy of the letter and resolution was also sent to the counsel that represented Ms. Jackson at the hearing.

{¶6} Ms. Jackson's "Administrative Appeal" was filed in the Summit County Court of Common Pleas on October 30, 2014, and her "Motion to Appeal" was delivered to the Department on October 30, 2014. The Department filed the administrative record in the lower court and thereafter filed a motion to dismiss. The motion asserted that the lower court lacked jurisdiction because the appeal was not filed within 15 days of mailing of the notice of the Board's resolution as provided by R.C. 119.12, and because the notice of appeal Ms. Jackson filed with the Department was not identical to the notice she filed in the court of common pleas. Ms. Jackson did not respond to the motion to dismiss. The lower court concluded that it lacked jurisdiction over Ms. Jackson's attempted appeal because it was untimely. The court dismissed her appeal.

{¶7} Ms. Jackson has appealed the dismissal to this court, raising two assignments of error for our review.

---

[1] There appear to be initials above the signature, which renders it unclear whether the signature is that of the Superintendent or someone authorized to sign on his behalf.

II.

## <u>ASSIGNMENT OF ERROR I</u>

THE [] BOARD FAILED TO GIVE PROPER NOTICE PURSUANT TO ITS OWN RESOLUTION PASSED ON SEPTEMBER 21, 2014[2] WHICH REQUIRED THAT THE [] SUPERINTENDENT [] GIVE NOTICE TO [MS.] JACKSON.

**{¶8}** Ms. Jackson argues in her first assignment of error that the time to file her appeal did not begin to run because the Superintendent did not personally notify her of the Board's action and because the resolution failed to include the votes and proclamation of the passage of the resolution. Thus, she asserts that her appeal was premature, not untimely. We do not agree.

**{¶9}** The Department moved to dismiss the appeal for lack of subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction raises questions of law that we review de novo. *Pryor v. Dir. Ohio Dept. of Job & Family Servs.,* 9th Dist. Summit No. 27225, 2015-Ohio-1255, ¶ 1, 5; *Apostolic Faith Assembly, Inc. v. Coventry Twp. Bd. of Trustees,* 9th Dist. Summit No. 23938, 2008-Ohio-2820, ¶ 5. Former R.C. 119.12, in effect at the time Ms. Jackson attempted to initiate her appeal in the court of common pleas, provided in relevant part that,

> [a]ny party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, except that appeals from decisions of the liquor control commission, the state medical board, state chiropractic board, and board of nursing shall be to the court of common pleas of Franklin county. If any party appealing from the order is not a resident of and has no place of business in this state, the party may appeal to the court of common pleas of Franklin county.

---

2 The Board adopted the resolution at its September 16, 2014 meeting. We presume that Ms. Jackson's reference to September 21, 2014, is a typographical error.

{¶10} That section additionally stated that, "[u]nless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section." Former R.C. 119.12. "The failure to file a * * * notice of appeal within the fifteen-day period as set forth in R.C. 119.12 deprives the common pleas court of jurisdiction over the appeal." *Nibert v. Ohio Dept. of Rehab. & Corr.,* 84 Ohio St.3d 100 (1998), syllabus; *see also Brown v. Ohio State Univ.,* 9th Dist. Summit No. 19274, 1999 WL 1260163, *1 (Dec. 22, 1999). Nonetheless, "[a]n administrative agency must strictly comply with the procedural requirements of R.C. 119.09 for serving the final order of adjudication upon the party affected by it before the 15-day appeal period prescribed in R.C. 119.12 commences." *Hughes v. Ohio Dept. of Commerce,* 114 Ohio St.3d 47, 2007-Ohio-2877, paragraph one of the syllabus.

{¶11} R.C. 119.09 provides in pertinent part that:

The recommendation of the referee or examiner may be approved, modified, or disapproved by the agency, and the order of the agency based on such report, recommendation, transcript of testimony and evidence, or objections of the parties, and additional testimony and evidence shall have the same effect as if such hearing had been conducted by the agency. No such recommendation shall be final until confirmed and approved by the agency as indicated by the order entered on its record of proceedings, and if the agency modifies or disapproves the recommendations of the referee or examiner it shall include in the record of its proceedings the reasons for such modification or disapproval.

After such order is entered on its journal, *the agency* shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method by which an appeal may be perfected. A copy of such order shall be mailed to the attorneys or other representatives of record representing the party.

(Emphasis added.)

{¶12} Here, Ms. Jackson asserts that the resolution required the *Superintendent* to notify her of the Board's action. Thus, she maintains that the act of the Director of the Office of

Professional Conduct of the Department sending her the notice did not trigger the running of her time to appeal. However, she makes no argument that any of the statutes discussing the timing and procedure for administrative appeals required the Superintendent to notify her. Also, Ms. Jackson has failed to point to any "law relating to a particular agency" that would alter the timing of an administrative appeal. *See* former R.C. 119.12. Moreover, she has not argued that the instructions to the Superintendent in the resolution should constitute "law relating to a particular agency[.]" Former R.C. 119.12. Instead, her focus is on the resolution and what it instructed the Superintendent to do. Ms. Jackson has not argued that anything in the plain language of R.C. 119.09 or 119.12 required the Superintendent to notify her of the Board's action. As Ms. Jackson has not pointed to any law that is on point to support her position, and has not demonstrated that the agency failed to comply with applicable statutes, we overrule her argument on that basis. *See* App.R. 16(A)(7).

{¶13} Ms. Jackson also asserts that the notice was deficient because the resolution sent to her failed to include the votes and proclamation of the passage of the resolution. While the administrative record contains a copy of the letter sent to Ms. Jackson, and a document that is described as the "Resolution adopted by the State Board of Education at its September 16, 2014 meeting adopting the report and recommendation of the hearing officer[,]" the copy of the letter in the record does not include any attachments that were sent to Ms. Jackson. Thus, we cannot ascertain from the record what Ms. Jackson received aside from the letter. It seems from the briefs and argument that Ms. Jackson agrees that she received a copy of the item labeled in the administrative record as the "Resolution adopted by the State Board of Education at its September 16, 2014 meeting adopting the report and recommendation of the hearing officer." For purposes of this appeal, we will assume that that document was the item sent to her with the

letter. Ms. Jackson argues that, to be complete, the resolution had to include the vote and the proclamation of the passage of the resolution. She points to the fact that the minutes of the Board meeting at which the resolution was adopted needed to include not only the text of the resolution sent to her, but also the vote and the proclamation of the passage of the resolution. Ms. Jackson has pointed to no law that is on point that would support this proposition or any law that would indicate a resolution inherently must contain such items to be complete. *See* App.R. 16(A)(7). Accordingly, given the limited argument on this point, we cannot say that Ms. Jackson has demonstrated on appeal that she was not sent a certified copy of the resolution as required by R.C. 119.09.

{¶14} Ms. Jackson's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

EVEN IF NOTICE WAS SUFFICIENT, SERVICE WAS MADE ON MS. JAC[K]SON ON OCTOBER 18, 2014 AND SHE FILED HER APPEAL TIMELY WITHIN 15 DAYS, ON OCTOBER 30, 2014.

{¶15} Ms. Jackson argues in her second assignment of error that, even if the notice she received from the Board was sufficient, her appeal was timely filed. Specifically, Ms. Jackson argues that the time for filing the appeal should not have begun to run until after she was served with the notice. Additionally, she asserts that the time did not begin to run because she was served at the "wrong" address. We do not agree.

{¶16} Ms. Jackson maintains that the phrase "mailing of the notice" in former R.C. 119.12, actually means effectuation of service of the notice. She argues that, because former R.C. 119.12 provides that, "[u]nless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order *as provided in this section*[,]" and that section does not detail anything about the mailing,

we must look to R.C. 119.09.  (Emphasis added.)  According to Ms. Jackson, R.C. 119.09 "does speak to the mailing of [the] notice[.]"  However, the plain language of R.C. 119.09 does not speak to the "mailing" of the notice.  R.C. 119.09 does not mention "mailing" and instead addresses the agency's responsibilities and speaks to the method of service.

{¶17}  Ms. Jackson has failed to cite any case law supporting the conclusion that the purpose of R.C. 119.09 is to clarify or explain language in former R.C. 119.12.  *See* App.R. 16(A)(7).  Further, Ms. Jackson has not convinced this Court that the phrase "as provided in this section[,]" means that the *details of mailing* will be discussed elsewhere.  The phrase could also refer to the fact that the place of filing is detailed elsewhere in the section, as are the details of what must be included in the notices of appeal.  *See* former R.C. 119.12.

{¶18}  Here there is evidence in the record that the letter and certified copy of the resolution were mailed, via certified mail, to Ms. Jackson on October 3, 2014.  While the receipt is difficult to read, it does appear to be signed and appears to be date-stamped October 10, 2014.[3]  Ms. Jackson did not file her notice of appeal until October 30, 2014, well outside the time provided for by former R.C. 119.12.  Accordingly, based on Ms. Jackson's argument, her attempted appeal was untimely and the lower court lacked jurisdiction to consider it.  *See Nibert,* 84 Ohio St.3d 100, at syllabus; *Brown*, 1999 WL 1260163, at *1; *Swartz v. Ohio Dept. of Job & Family Servs.,* 12th Dist. Butler No. CA2014-01-004, 2014-Ohio-3552, ¶ 8.  *See also Hughes,* 114 Ohio St.3d 47, 2007-Ohio-2877, at ¶ 17 (noting that "a party adversely affected by an agency decision must * * * strictly comply with R.C. 119.12 in order to perfect an appeal[]").

---

[3] Ms. Jackson asserts that the documents were not delivered until October 18, 2014. Even if this were true, such would not alter our analysis as Ms. Jackson has not asserted that her due process rights were violated and/or that she was deprived of an opportunity to timely respond. *See Sun Refining & Marketing Co. v. Brennan,* 31 Ohio St.3d 306, 308-309 (1987).

**{¶19}** Finally, Ms. Jackson argues that the Board mailed the notice to the "wrong" address and thus her appeal should not be considered untimely. She cites no law to support her position. *See* App.R. 16(A)(7). The record before us reveals that the address where the notice was sent was the same address where a copy of the report and recommendation was sent. Additionally, prior to the hearing before the hearing officer, Ms. Jackson stipulated that she had received the notice of the opportunity for hearing and the notice of the hearing; those documents were also sent to the same address. Further, when Ms. Jackson's attorney responded to the Department to request a hearing, the address he used for Ms. Jackson was also the same address. Thus, the record does not support the contention that the notice was sent to the "wrong" address. Even assuming that the Board mailed the notice to the "wrong" address, and that such mailing would affect Ms. Jackson's time to appeal, Ms. Jackson has asserted in her brief on appeal to this Court that she was served with the notice on October 18, 2014. Given the foregoing, and the extremely limited argument on this issue, we conclude that Ms. Jackson's argument does not have merit.

**{¶20}** Ms. Jackson has not demonstrated that she timely filed her attempted appeal, and thus, the Summit County Court of Common Pleas did not err in dismissing her appeal for lack of jurisdiction. Ms. Jackson's second assignment of error is overruled.

III.

**{¶21}** The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

MICHAEL DEWINE, Attorney General, and JENNIFER A. BONDURANT, Assistant Attorney General, for Appellee.