[Cite as *Large v. Ohio Dept. of Ins.*, 2024-Ohio-29.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ELIZABETH LARGE

    Appellant

    v.

OHIO DEPARTMENT OF INSURANCE

    Appellee

C.A. No.    23CA011983

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    23CV208173

DECISION AND JOURNAL ENTRY

Dated: January 8, 2024

STEVENSON, Judge.

{¶1} Plaintiff-Appellant Elizabeth Large appeals from the judgment of the Lorain County Court of Common Pleas granting Defendant-Appellee Ohio Department of Insurance's motion to dismiss for lack of subject matter jurisdiction as Plaintiff-Appellant did not file her Notice of Appeal with the Department within the time required by statute. We affirm.

I.

{¶2} Ms. Large held a residency surety bail bond insurance agent license with the Ohio Department of Insurance ("the Department"). After investigating complaints about Ms. Large, the Department proposed to revoke Ms. Large's license or issue sanctions against her. At Ms. Large's request, a hearing on the matter was held before a hearing examiner.

{¶3} Ms. Large appeared at the hearing and argued on her own behalf. After the hearing, the hearing officer issued a written report and recommendation. The hearing officer recommended the revocation of Ms. Large's license.

{¶4}     The superintendent of the Department signed a final order revoking Ms. Large's license on February 1, 2023. The final order included a notice of appellate rights that advised a notice of appeal must be filed with the appropriate court and the Department within 15 days. The Department entered the final order on its journal on February 2, 2023.

{¶5}     The Department mailed the final order on February 3, 2023, via certified mail, to Ms. Large at her address on record with the Department. The return receipt with the USPS shows that an "Elizabeth Large" signed for the certified mail on February 9, 2023.

{¶6}     Ms. Large filed a notice of appeal with the trial court on February 16, 2023. The Department did not receive Ms. Large's appeal until February 23, 2023.

{¶7}     After filing the administrative record with the trial court, the Department filed a motion to dismiss. The Department asserted in its motion that the court lacked subject matter jurisdiction because the appeal was not filed with the Department within 15 days of the date of mailing the final order as required by R.C. 119.12(D).  Ms. Large filed a brief in opposition to the motion to dismiss and the Department filed a reply in support.

{¶8}     The trial court found that Ms. Large failed to timely perfect her appeal pursuant to R.C. 119.12(D) and that it was without jurisdiction to hear the appeal.  The trial court granted the Department's motion and dismissed Ms. Large's appeal. Ms. Large appeals the trial court's decision, raising two assignments of error for our review.

II.

**FIRST ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN DETERMINING THE APPELLEE FULLY COMPLIED WITH R.C. 119.09 AND IN ALLOWING THE FIFTEEN-DAY APPEAL PERIOD TO RUN.**

**SECOND ASSIGNMENT OF ERROR**

**APPELLEE'S FAILURE TO PROPERLY ADDRESS THE NOTICE TO APPELLANT DEPRIVED APPELLANT OF HER DUE PROCESS RIGHTS.**

**{¶9}** Ms. Large argues in her first assignment of error that the trial court erred when it determined that the Department complied with R.C. 119.09 and in allowing the 15-day period to run. Ms. Large argues in her second assignment of error that the Department's failure to address its final order deprived her of her due process rights. As the assignments of error are related, this Court will address them together for ease of review. For the reasons discussed below, we overrule Ms. Large's assignments of error.

**{¶10}** The Department moved to dismiss the appeal for lack of subject matter jurisdiction. "A motion to dismiss for lack of subject matter jurisdiction raises questions of law that we review de novo." *Jackson v. Ohio Dept. of Edn.*, 9th Dist. Summit No. 27686, 2016-Ohio-2818, ¶ 9. *Accord Apostolic Faith Assembly, Inc. v. Coventry Twp. Bd. of Trustees*, 9th Dist. Summit No. 23938, 2008-Ohio-2820, ¶ 5.

**{¶11}** R.C. 119.12, in effect at the time Ms. Large attempted to initiate her appeal in the trial court, provided:

> (D)     Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law.  The notice of appeal may, but need not, set forth the specific grounds of the party's appeal beyond the statement that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law.  The notice of appeal shall also be filed by the appellant with the court.  * * * Unless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.

**{¶12}** The Department's compliance with R.C. 119.09 is a condition precedent to the running of the 15-day appeal period set forth in R.C. 119.12.  *Hughes v. Ohio Dept. of Commerce*,

114 Ohio St.3d 47, 2007-Ohio-2877, paragraph one of the syllabus. R.C. 119.09, as in effect when the final order was issued, provided:

> After such order is entered on its journal, the agency shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method by which an appeal may be perfected. A copy of such order shall be mailed to the attorneys or other representatives of record representing the party.

{¶13} The Department entered the final order on its journal on February 2, 2023. The certificate of mailing from the USPS shows that the actual date of mailing was February 3, 2023. The USPS return receipt shows that "Elizabeth Large" signed for the certified mail on February 9, 2023. Ms. Large does not dispute the validity of her signature on the February 9, 2023 return receipt.

{¶14} Ms. Large argues in her first assignment of error that the Department failed to comply with R.C. 119.09 as it did not use a complete address in mailing the final order. The record establishes that the Department served the final order upon Ms. Large at her address on file. The Department used this same address throughout the hearing process. In addition to the final order, the following were sent to Ms. Large at the same address:

- The Department's Notice of Opportunity for Hearing, dated November 18, 2021;

- The Notice to Continue Formal Hearing, dated December 17, 2021;

- The Department's Scheduling Order, dated March 2, 2022;

- The Department's Scheduling Order, dated April 22, 2022;

- The Department's Scheduling Order, dated June 2, 2022; and,

- The Hearing Examiner's Report and Recommendation, dated December 2, 2022.

{¶15} There is no evidence in the record that Ms. Large notified the Department of a different address and/or that she had any issue receiving mail at her address on file. If a licensed

insurance agent has a change of address, R.C. 3905.061 requires the agent to file a change of address with the superintendent or the superintendent's designee within thirty days after making the change. The record is devoid of any evidence that Ms. Large notified the Department of a change of address as required by R.C. 3905.061.

{¶16} The Department mailed the final order, via certified mail, to Ms. Large. An "Elizabeth Large" signature appears on the certified mail green card that was sent back to the Department. Ms. Large does not dispute that she signed for and received the final order. She argues, rather, that the address used for sending the final order was an incomplete address as it did not include a suffix after the street name or the plus 4 digits after the zip code. Ms. Large does not cite any case law to establish that using the exact address on file that Ms. Large provided is insufficient to meet the burden under R.C. 119.09. *See State v. Watson*, 9th Dist. Summit No. 24232, 2009-Ohio-330, ¶ 5, citing App. R. 16(A)(7) ("An appellant bears the burden of formulating an argument on appeal and supporting that argument with * * * legal authority."); *Messer v. Summa Health Sys.,* 9th Dist. Summit No. 28470, 2018-Ohio-372, ¶ 71 ("Where an appellant fails to cite to any law supporting her assignment of error, it is not this Court's duty to create an argument for her.")

{¶17} Regardless of the format of the mailing address, the record establishes that the Department fully complied with R.C. 119.09 and her due process rights when it mailed the final order to Ms. Large. Ms. Large received the final order with 12 days remaining to perfect an appeal. Ms. Large does not argue how her due process rights were specifically violated when she received the statutorily required notice with 12 days to act. Due process means notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding * * * is notice * * *

and * * * an opportunity to present * * * objections."); *Thrower v. City of Akron*, 9th Dist. Summit No. 21153, 2003-Ohio-1307, ¶ 26 ("It is fundamental that a due process violation does not occur if notice and an opportunity to be heard are given.") As the Court acknowledged in *Mullane*, "[p]ersonal service of written notice within the jurisdiction is the classic form of notice always adequate in any type of proceeding." *Mullane* at 313. In this case, Ms. Large received actual notice of the Department's decision with 12 days left to appeal. The final order notified her of exactly how long she had to perfect the appeal. Thus, even if we were to find the Department erred by using an address Ms. Large supplied, she has not shown prejudice by any alleged error.

{¶18} The record establishes that Ms. Large was served with the final order and she has not established that the timing of that service violated her rights of due process. Accordingly, we conclude that the trial court did not err when it determined that the Department complied with R.C. 119.09 and the 15-day period to perfect a notice of appeal had expired. We further conclude that, as Ms. Large received the Department's final order at an address she supplied the Department with 12 days left to perfect an appeal, she was not deprived of her due process rights. Ms. Large's first and second assignments of error are overruled.

III.

{¶19} Ms. Large's two assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

STEVEN M. GAULDING, Attorney at Law, for Appellant.

DAVE YOST, Attorney General, and CHRISTIE LIMBERT, Senior Assistant Attorney General, for Appellee.